FRANCIS O'HAGAN, Respondent, *v.* SIDNEY DILLON et al., Appellants.

In an action to recover damages for alleged negligence in leaving an excavation in a street unprotected, a witness for plaintiff was asked, in reference to another accident occurring at the same place, "Do you know anything about a party recovering a judgment of $5,000?" This was objected to and objection overruled. The witness answered, in substance, that he did not know anything about it, but heard "from some parties outside that there was such a thing." *Held,* that the question was incompetent, and that the latter part of the answer was not so irresponsive as to relieve plaintiff from the responsibility of it; that to avoid such responsibility he should, at least, have disclaimed the answer and declined to receive it.

A witness, on the part of defendant, who had testified that he hung a lamp, on the evening of the accident, near the excavation, and about the hour in the morning when he removed it, was asked, "Is your recollection refreshed or your attention called to that (the time of removal) from any circumstance, any accident that happened then?" This was objected to and excluded. *Held,* error.

While a party cannot cross-examine his own witness, and is in general bound by the answers made, it is not objectionable after a witness has given an ambiguous answer to inquire as to any circumstance or fact tending to enable him to recollect the fact sought to be proved more clearly or certainly.

(Argued January 27, 1879; decided February 4, 1879.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Alex. Thain,* for appellants. Any illegal evidence tending to excite the passions, arouse the prejudices, awaken the sympathies, or warp or influence the judgment of the jurors, cannot be considered harmless. (*Anderson* v. *R., W. and O. R. R. Co.,* 54 N. Y., 341; *Hawley* v. *Hatter,* 9 Hun, 134; *Williams* v. *Fitch,* 18 N. Y., 546; *Baird* v. *Gillett,* 47 id., 186.)

*George W. Lord* and *J. M. Liddy*, for respondent. If proper evidence was excluded, or improper evidence admitted, neither of which rulings injured defendants, nor affected the result of the case, it was no ground for a new trial. (*Williams* v. *Fitch*, 18 N. Y., 546; *Erben* v. *Lorillard*, 19 id., 299; *Watson* v. *Campbell*, 38 id., 153; *Rowland* v. *Hegeman*, 59 id., 643.)

*Per Curiam.* This was an action to recover damages for injuries occasioned by the plaintiff's falling into an excavation at Sixty-second street, on Fourth avenue, made in sinking the tracks of the Harlem railroad. The defendants were contractors, and it is alleged were negligent in not putting up and maintaining proper barriers and lights for protection and warning to persons desiring to cross the street. The principal question litigated was one of fact, whether suitable barriers had been erected, and whether the defendants were guilty of negligence in respect thereto. Upon this question there was a conflict of evidence, and the jury were justified in finding in favor of the plaintiff.

The questions presented for our consideration relate to the admission and rejection of evidence.

A witness on the part of the plaintiff was asked this question : " Do you know anything about a party recovering a judgment of $5,000, before Judge VAN BRUNT ? " This was objected to, the objection was overruled, and an exception taken. The witness answered, " I was not in that case, nor a witness, and don't know anything about it ; I did hear from some parties outside that there was such a thing." It is evident from the previous questions put to the witness, that this inquiry was intended to refer to a judgment for an injury occurring at the same place. The question was clearly incompetent. It was not a relevant or pertinent fact upon any issue in this case, and was calculated to influence the jury injuriously to the defendant. What the facts of the other case were, could not be known, and if they were, could not legitimately affect the case on trial, while if the

jury were informed that in another case a judgment of $5,000 had been rendered for the plaintiff, it might have affected their judgment, either upon the litigated question of negligence, or as to the amount of the verdict. Two answers have been suggested to this exception, first, that the question may have been admitted as preliminary to something else, which was material. The answer to this is that the case does not show that it was admitted upon that ground, and it is difficult to infer that it could have been. It is also suggested that the witness answered the question by stating that he did not know anything about it, and that as the balance of the answer was not responsive to the question, the defendant to avail himself of its impropriety, should have objected to the answer, or moved to strike it out. If the question itself had been competent, or the answer entirely foreign to the subject of inquiry, there would be force in this position, but we do not think that the answer was so irresponsive, as to relieve the plaintiff, who had drawn it out, from the responsibility of it. The witness in substance stated that although he knew nothing personally about it, he had been informed that such was the fact. All the effect of the question was obtained by the answer given, as much so as if the witness had answered from personal knowledge. The question itself had an injurious tendency, and the answer still more so. The plaintiff should at least have disclaimed the answer, and declined to receive it. Jury trials should be strictly confined to the issues made, and to the legitimate facts bearing upon them, and the practice of dragging in extraneous matters to influence the jury cannot be too strongly condemned. Upon a closely contested question of fact, slight influences may turn the scale, and every rule of propriety and justice demand that nothing outside of the legitimate facts should be introduced to affect the minds of those who are to decide the question. It is not intended to intimate an opinion that this case was not properly decided by the jury either upon the question of negligence, or as to the amount of the verdict, but the fact that some other person had

recovered a verdict for a similar injury, was not a proper subject of inquiry on this trial, and as we cannot see that it had no influence upon the jury, we think it was error.

A witness on the part of the defendant had stated that he hung a lamp, on the evening of the accident on the fence by the side of the excavation, and in answer to the question when he removed it, answered: "I expect I removed it from half-past four to five in the morning." He was then asked: "Is your recollection refreshed, or your attention called to that from any circumstance — any accident that happened there?" This was objected to and excluded, and an exception taken. We think that the question should have been allowed. It was not objected to as leading. While a party cannot cross-examine his own witness, and is in general bound by the answers made, it is not objectionable after the witness has given an ambiguous answer to inquire as to any circumstance or fact tending to enable him to recollect the fact sought to be proved more clearly or certainly. · It is suggested that the cross-examination elicited all the facts from this witness, but that examination related to the hanging of the lamp in the evening, and not to its removal in the morning, which was material as tending to show whether it remained through the night, and thus afforded light to see the excavation.

These rulings we think were erroneous, and the judgment must be reversed, and a new trial ordered.

All concur, except ANDREWS and MILLER, JJ., dissenting.

Judgment reversed.