Englert v. Kruse.

J. F. DALY and ALLEN, JJ., concurred.

Judgment affirmed, with costs.

---

AMALA ENGLERT, Respondent, *against* HERMAN KRUSE, Appellant.

(Decided June 6th, 1887.)

In an action for personal injuries caused by slipping on the stairs of a tenement house owned by defendant, plaintiff was allowed to show that defendant was the owner of considerable property. *Held*, that such evidence was inadmissible, and its admission prejudicial, it having the tendency to prejudice the minds of the jury by contrasting the pecuniary conditions of the parties to the action.

The court also allowed the question to be asked plaintiff: " State whether or not the defendant stated to you that he had had some accident in the house, and that he ought to have fixed it, or in some other house." *Held*, that this was erroneous, the question not being definite as to what stairs and house.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Jeroloman & Arrowsmith*, for appellant.

*Ira D. Warren*, for respondent.

PER CURIAM. — [Present, LARREMORE, Ch. J., ALLEN and BOOKSTAVER, JJ.] — This action was brought by the plaintiff to recover damages for personal injuries received by her in consequence of slipping and falling, while descending the stairs in the defendant's premises. Two of the banisters on the stairs were missing, but it is not claimed that plaintiff slipped because of the absence of the

banisters; only that her injuries were caused or aggravated by reason of her foot slipping in the vacant space.

On the trial, defendant was a witness, and on his cross-examination he was asked, "Is this the only tenement property that you own?" Defendant objected to the question, but the objection was overruled, and he excepted. The question was then repeated in substance, and he answered, "Yes, sir." He was then asked, "What else?" and his answer was, "Two little things; a two-story and one four-story;" and then followed other questions tending to show that defendant was a man of some means, and not in business.

We think this evidence entirely inadmissible, and it was clearly to defendant's prejudice.

In _Myers_ v. _Malcolm_ (6 Hill 292), the court, by NELSON, Ch. J., says: "But a new trial in this case must be granted for the error committed by the judge in admitting evidence of the wealth of one of the defendants. This was clearly inadmissible, and it is impossible to say what effect it may have had upon the verdict; nor is it important to inquire, as this is a bill of exceptions. The plaintiff was entitled to the damage he had sustained, and nothing more, without regard to the ability or poverty of the defendants. The admission of the evidence implied at least that the jury might graduate their verdict in some measure by the means possessed by the defendants to satisfy it."

In _Hutchins_ v. _Hutchins_ (98 N. Y. 57, at p. 65), RAPALLO, J., says: "The evidence as to the wealth of Phineas was clearly irrelevant and improper, and cannot be said to have been harmless. Illegal evidence that would have a tendency to excite the passion, arouse the prejudices, awaken the sympathies, or warp or influence the judgment of the jurors, in any degree, cannot be considered harmless," and quotes with approval a remark by LEARNED, J., at General Term, in that case, that "nothing could be better fitted to divert the minds of the jury from the true issue, than a pathetic contrast between the widow of a rich brother and the poor defendant."

Respondent now contends that only the first question was objected to, and that no objection was made to the second; but we think that the second was a mere repetition of the first, in effect; and as the court had already ruled on it, it was not necessary to repeat the objection; and so respondent seems to have thought when preparing his brief, for he then treats it as if the exception had been repeated, and claims it was competent on cross-examination, but does not show how it was, while we think it had a direct tendency to prejudice the minds of the jury, by strongly contrasting the poor injured woman and the rich and careless landlord.

We also think well taken, the objection and exception to the question asked of the plaintiff: "State whether or not the defendant stated to you that he had had some accident in the house, and that he ought to have it fixed, or in some other house." The question was not confined to these stairs, nor even to this house. The answer to the question left the jury to infer that the defendant had had just such an accident in his house before; that he had left his stairs in the condition the plaintiff testified they were; and that he was a careless and indifferent landlord, and ought to be punished.

In the case of *O'Hagan* v. *Dillon* (76 N. Y. 172), a witness was asked: "Do you know anything about a party recovering a judgment of $5,000 before Judge VAN BRUNT?" and he answered: "I did hear from some parties outside that there was such a thing;" and the court said: "The question itself had an injurious tendency, and the answer still more so. The plaintiff should at least have disclaimed the answer and declined to receive it. Jury trials should be strictly confined to the issues made, and to the legitimate facts bearing upon them; and the practice of dragging in extraneous matters to influence the jury cannot be too strongly condemned."

As we think a new trial should be ordered for these errors in admitting evidence, it is unnecessary to examine the other questions raised on this appeal.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.