No. 12,959.

## STANLEY *v.* STANLEY.

GUARANTY.—*Notice.—Matter of Defence.*—If loss results to a guarantor on account of a failure to give notice of the non-performance of the contract guaranteed, the fact of loss and the failure to give notice constitute matters of defence.

WITNESS.—*Husband and Wife.—Confidential Communications.*—Testimony of a wife that her husband "was intoxicated" is not within the inhibition of section 497, R. S. 1881, which renders husband and wife incompetent to testify as to communications made to each other.

SAME.—*Refreshing Recollection.—Testimony at Former Trial.*—To refresh the recollection of a witness, his attention may be called to his testimony, in relation to a particular subject, at a former hearing.

From the Madison Circuit Court.

*C. L. Henry, H. C. Ryan* and *E. P. Schlater,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

MITCHELL, J.—This action was originally commenced in the name of William L. Montgomery, as trustee for Emma Stanley, against Jacob Stanley. It was a suit upon a bond executed by John and Jacob Stanley, conditioned that John Stanley should marry and provide for Emma Sutton, and maintain the child of which she was then pregnant, begotten of her body by John Stanley; and further, that he would furnish Emma Sutton, his intended wife, with a suitable home, and treat her as a husband should. The bond stipulated, among other things, that if John Stanley failed to perform the conditions thereof, or should by his misconduct give the obligee a legal cause for divorce, then, and in either event, the obligors therein should pay to the obligee, as stipulated and liquidated damages, the sum of fifteen hundred dollars. The bond was executed July 1st, 1882. John Stanley married the obligee, but, in all other respects, the complaint alleges, violated the conditions of the bond. He died in December, 1882. Montgomery, the trustee, brought

suit on the bond, and recovered judgment against Jacob Stanley for the stipulated damages. From that judgment an appeal was taken to this court. The judgment was reversed and the cause remanded. *Stanley* v. *Montgomery*, 102 Ind. 102.

After the case went back an amended complaint was filed, in which Emma Stanley was substituted as plaintiff in the place of Montgomery, trustee. In all other respects the amended complaint was substantially the same as that originally filed. The plaintiff below recovered judgment at the second trial.

The first question presented by the record arises upon the appellant's motion for judgment on the answers of the jury to special interrogatories, notwithstanding the general verdict. The answers show that no demand was made upon or notice given to the appellant, Jacob Stanley, before bringing suit. The latter, it is argued, occupied the relation of a guarantor, and hence was not liable to be sued without notice of the non-performance of the conditions of the bond, and a demand. This position is not sustainable. If it be conceded that the appellant occupied the position of a guarantor, it does not follow that there should have been either notice or a demand before bringing suit. If loss results to a guarantor on account of a failure to give notice of the non-performance of the contract guaranteed, the fact of loss, and the failure to give notice, constitute matters of defence. There was no issue involving any question of notice or demand. *Ward* v. *Wilson*, 100 Ind. 52; *Furst, etc., Mnfg. Co.* v. *Black*, 111 Ind. 308, and cases cited.

During the progress of the trial it became a question whether or not John Stanley was, after the execution of the bond, in the habit of becoming intoxicated, and whether he had not, while in that condition, presented himself at the place of his wife's residence. The appellee having been called as a witness in her own behalf, and referring to an occasion when

her husband visited her at her father's house, she was asked the following question : " You may tell the court what his condition was when he returned." The witness, over the appellant's objection, gave the following answer : " He was intoxicated." It is now contended that this testimony falls within the inhibition of section 497, R. S. 1881, which renders husband and wife incompetent to testify as to communications made to each other. The testimony is not controlled by the ruling in *Perry* v. *Randall*, 83 Ind. 143. The husband's condition, as to being intoxicated, unless it should appear to have been specially confided to the wife, in the absence of others, can not be regarded as in the nature of a confidential communication. Especially must this be so when the subject under investigation implies that the condition and conduct of the husband were an imposition upon the wife. *Smith* v. *Smith*, 77 Ind. 80; *Schmied* v. *Frank*, 86 Ind. 250. There was no error in admitting the testimony.

Complaint is made that the plaintiff, over objection, was permitted to call the attention of a witness in her behalf to what he, the witness, had testified, in relation to a particular subject, at a former hearing.

It is proper for a party, in order to refresh the recollection of his own witness, or to enable him to recollect the fact sought to be proved more clearly, to call his attention to any pertinent circumstance, or fact, having relation to the subject under inquiry. *O'Hagan* v. *Dillon*, 76 N. Y. 170.

Lastly, the appellant complains that certain instructions requested by him were not given by the court.

There is no objection made to the instructions given, except that, as it is claimed, they are incomplete and should have been supplemented by those asked by the appellant. It seems to us that the instructions given presented the case to the jury fully and fairly, and, in view of the evidence which appears in the record, it is difficult to conceive how

any other conclusion could have been reached than that arrived at by the jury, if the instructions asked had been given. We find no ground for a reversal.

The judgment is affirmed, with costs.

Filed Oct. 14, 1887.