## PRITCHARD v. PRITCHARD ET AL.

[No. 14,209. Filed August 13, 1931.]

*Marshall, Hillis & Coffel,* for appellant.
*W. C. Overton,* for appellees.

LOCKYEAR, J.—The second paragraph of complaint in this action alleges that, on the —— day of March, 1929, one Nancy T. Pritchard, mother of this plaintiff, died, leaving plaintiff and the defendants as her only heirs at law; that on March 5, 1929, a certain writing, purporting to be the last will and testament of the said Nancy T. Pritchard, bearing date of May 10, 1928, was presented to and admitted for probate by the judge of the Howard Circuit Court, and filed and recorded in the record of wills of said county, and letters were thereupon issued to the defendant, Edward R. Pritchard, as executor of said pretended will; that, by the terms of said pretended will, the defendant Lucy Weisenburg, was named as a legatee, receiving all of the household goods and personal belongings of the said Nancy T. Pritchard, and was given a life estate in all the real estate belonging to the said Nancy T. Pritchard, and that defendants Lucia Thorne Weisenburg and Ray Weisenburg were given the remainder of said real estate; that said Edward R. Pritchard was bequeathed $1,000, and that this plaintiff, Fred P. Pritchard, together with defendant Lucy T. Weisenburg and Edward R. Tenney, was given the residue of the said estate; that said pretended will is invalid for the following reason, said pretended will was unduly executed in this, that said pretended will was attested by C. T. Parson and Edward R. Pritchard as attesting witnesses, that Edward R. Pritchard, one of the attesting witnesses of said pretended will, was the husband of the said Nancy

T. Pritchard, and, therefore, an incompetent witness to attest the execution of said pretended will. Wherefore, the plaintiff prays the court that said pretended will be declared invalid and that the probate thereof be set aside.

Appellees filed a demurrer to the second paragraph of the complaint on the grounds that said second paragraph of complaint does not state facts sufficient to constitute a cause of action against the appellees for the reason set out in a memorandum to said demurrer as follows: The second paragraph of complaint shows that there were other beneficiaries named in the will besides Edward R. Pritchard, and there was a witness besides Edward R. Pritchard, and that a will is not rendered invalid because of the fact that it was signed, as a witness, by one who was a beneficiary therein, where there are other beneficiaries named in the will, and the other witness is competent and is not a beneficiary. The demurrer was sustained, and the appellant refusing to plead further, judgment was rendered in favor of the appellees, and the appellant assigns as error the sustaining of said demurrer.

Section 3452 Burns 1926 provides that no will shall affect any estate unless it be in writing, signed by the testator, or by someone in his presence with his consent, and attested and subscribed in his presence by two or more *competent* witnesses.

The appellant contends that the husband or wife of one making a will is not a competent witness to the will.

Whenever a husband or wife has been held incompetent to attest the will of the other, such incompetency is based on their incompetency to testify for or against each other generally. Indeed, competency to testify in court generally on the subject is the test as to the competency to attest a will. *Belledin* v. *Gooley* (1901), 157 Ind. 49, 60 N. E. 706; *In re Holt's*

*Will* (1893), 56 Minn. 33, 57 N. W. 219, 22 L. R. A. 481, 45 Am. St. 434; *Hiatt* v. *McColley* (1908), 171 Ind. 91 at p. 94, 85 N. E. 772, where the court, in discussing the competency of witnesses to wills, says that a competent witness is "one who, at the time of subscribing the will, would be competent to testify to the facts attested in a proper proceeding to probate the will."

There is no question but that, at common law, and even under early Indiana statutes, husbands and wives were incompetent to testify for or against each other, ▉ and neither was competent to attest the will of the other. Even a party to an action was incompetent to testify for himself. Indiana was slow to modify this law. On March 9, 1867, a statute was passed in Indiana containing these words: "Husbands and wives are incompetent witnesses for or against each other, and they cannot disclose any communication from one to the other." Acts 1867 p. 99. Thus, Indiana confirmed the common law. On March 11, 1867, the same Legislature passed another act affecting the competency of witnesses, making certain exceptions. Among these exceptions, we find the following: "Husband and wife as to matters for or against each other, or as to communications made to each other during marriage." Acts 1867 p. 225. Under these acts, husbands and wives were incompetent to testify for or against each other generally. Had subsequent legislatures desired to have this incompetency of husbands and wives continued, all that was necessary was to keep hands off. In 1881, in adopting a Civil Code, the Legislature prescribed who are and who are not competent witnesses thus: "All persons, whether parties to or interested in the suit shall be competent witnesses in a civil action or proceeding, except as herein otherwise provided." Acts 1881 p. 289. This has been the law ever since. §549 Burns 1926. The next section gives the exceptions. The only exception affect-

ing husbands and wives, as such, is in the sixth subdivision, and is in these words: "Husband and wife as to communications made to each other." Acts 1881 p. 290; §550 Burns 1926. The competency of a husband or wife to attest the will of the other is not given as an exception, and, this incompetency not being given as an exception, the Legislature must have intended to abolish this incompetency to testify for or against each other generally.

Following the adoption of this statute, the court construing it, said, in the case of *Williams* v. *Riley* (1882), 88 Ind. 290: "Husband and wife are no longer incompetent witnesses for or against each other, *except that neither of them is allowed to testify in relation to a communication made by the other.*" (Our italics.) This language is quoted approvingly in *Beyerline* v. *State* (1897), 147 Ind. 125, 45 N. E. 772. Thus, it is clear that the only incompetency of husbands and wives by reason of their marital relations is as to confidential communications.

In *Wiley* v. *Gordon* (1914), 181 Ind. 252, 104 N. E. 500, one of the witnesses to a will was both an heir and one of the residuary legatees (p. 256). It was claimed he was not a competent witness. The court mentioned the fact that, as a party to the suit, he was not a competent witness to the will. At page 259, the court said: "It follows that a devisee under a will or codicil is not a competent attesting witness and the provisions of §3132, if standing alone as the unqualified law on the subject, would render a will or codicil signed by only one competent witness and a devisee wholly void." The court then considered the statute making a will attested by a devisee "void only as to him and those claiming under him," and providing that he may be compelled to testify respecting the execution of the will. This statute now is §3472 Burns 1926. The decision then says this

statute is really the same as the statute of 25 George 11, c. 6. The court then concludes that, though a legatee in such a case is an incompetent witness, the will is valid as to the other legatees.

*Kaufmann* v. *Murray* (1914), 182 Ind. 372, 105 N. E. 466, Ann. Cas. 1917A 832, is exactly like *Belledin* v. *Gooley, supra,* except that, in the *Kaufmann Case,* there were several legatees, while in the *Belledin Case* there was only one legatee. In the *Kaufmann Case,* Mrs. Kaufmann was the legatee. The court held that, under the statute making parties to an action incompetent, and the statute making a husband and wife incompetent if the other is incompetent, and under the statute requiring competent witnesses to a will (being the same as §3452 Burns 1926) Mrs. Kaufmann was an incompetent witness to the will, and, therefore, her husband would be incompetent. But the court further holds that under §3144 Burns 1914, §3472 Burns 1926, had Mrs. Kaufmann, being a beneficiary, signed the will, the other witnesses could have compelled her to testify; therefore, she was a competent witness for the other legatees, and, she not being incompetent, her husband was not incompetent, and the will was not void as to the other legatees.

The court's ruling in sustaining the demurrer was correct under §3472 Burns 1926, which reads as follows:

"If any person shall be a subscribing witness to the execution of any will in which any interest is passed to him, and such will cannot be proven without his testimony or proof of his signature thereto as a witness, such will shall be void only as to him and persons claiming under him, and he shall be compellable to testify respecting the execution of such will as if no such interest had been passed to him; but if he would otherwise have been entitled to a distributive share of the testator's estate, then so much of said estate as said witness would have been thus entitled to, not exceeding

the value of such interest passed to him by such will, shall be saved to him."

Judgment affirmed.