ARTERBERY v. STATE OF INDIANA.

[No. 31,090. Filed February 6, 1968.]

*Richard W. Mehl* and *Mehl, Mehl & Beeson,* of Goshen, for appellant.

*John J. Dillon,* Attorney General, and *Michael V. Gooch,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a conviction of the appellant Charles Arterbery of the offense of second degree burglary. Trial was by a jury and a verdict of guilty was returned. The court entered judgment on the verdict and sentenced the appellant to the Indiana Reformatory for not less than two (2) years nor more than five (5) years and disfranchisement for a period of five (5) years. The defendant was charged pursuant to Burns' Anno. Stat. § 10-701 (b) (1956 Repl.) which provides as follows:

"Whoever breaks and enters into any boat, wharf-boat, or other watercraft, interurban-car, street-car, railroad-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon con-

viction shall be imprisoned not less than two (2) years nor more than five (5) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law."

The affidavit in its formal part reads as follows:

"The undersigned affiant swears that on or about the 3d day of December, 1965 at the County of Elkhart and State of Indiana, one Charles Ellis Arterbery did, then and there unlawfully, feloniously and burglariously break and enter into the building and structure of Silver Eagle Travel Trailers, Inc., at 1830 North Adams Street, Elkhart County, State of Indiana, which said building and structure was not a place of human habitation, with intent to commit a felony therein, unlawfully and feloniously to take, steal and carry away the goods, chattels and personal property of the said Silver Eagle Travel Trailers, Inc.,"

The assignment of error, as briefed by the appellant, presents only one question to be resolved by this Court. The appellant asserts that the court erred in sustaining the objection to the introduction of defendant's exhibits B through H inclusive. The State's objection to the introduction of the exhibits was that the authenticity of the instruments sought to be introduced had not been established. The court sustained the objection.

The excluded exhibits consist of a series of seven (7) purported receipts given for money received from the appellant for damages incurred incidental to the break-in of the building Silver Eagle Travel Trailer, Inc. The following are copies of exhibits as reproduced from the transcript.

DEFENDANT'S EXHIBIT "B"

PETTY CASH

DATE 5/9/66

No._____ $ 88 81

CHARGE _Reid from_

EXPENDED FOR _Charles Arterberry_

_Pd in full_

RECEIVED PAYMENT _688.81_ _W. Wibel_

| | CAR FARE | | |
|---|---|---|---|
| | POSTAGE | | |
| | TELEGRAM | | |
| | OFFICE EXPENSE | | |
| | SHOP EXPENSE | | |
| | ADVERTISING | | |
| | GENERAL EXPENSE | | |
| | FREIGHT EXPRESS | | |
| | CARTAGE | | |
| | AUTO EXPENSE | | |
| | | | |
| | TOTAL | | |

STANDARD FORM 106  HATTICK PRINTING CO. - CHICAGO

DEFENDANT'S EXHIBIT "C"

PETTY CASH

DATE 5/2/66

No._____ $ 100.00

CHARGE _Reid from_

EXPENDED FOR _Charles Arterberry_

_on acct._

RECEIVED PAYMENT _Bal 88.81_ _W. Wibel_

| | CAR FARE | | |
|---|---|---|---|
| | POSTAGE | | |
| | TELEGRAM | | |
| | OFFICE EXPENSE | | |
| | SHOP EXPENSE | | |
| | ADVERTISING | | |
| | GENERAL EXPENSE | | |
| | FREIGHT EXPRESS | | |
| | CARTAGE | | |
| | AUTO EXPENSE | | |
| | TOTAL | | |

STANDARD FORM 106  HATTICK PRINTING CO. - CHICAGO

DEFENDANT'S EXHIBIT "H"

| | | CAR FARE | | |
|---|---|---|---|---|
| PETTY CASH | | POSTAGE | | |
| DATE *3/22/66* | | TELEGRAM | | |
| NO. $ *100⁰⁰* | | OFFICE EXPENSE | | |
| CHARGE | | SHOP EXPENSE | | |
| *Paid to Silver* | | ADVERTISING | | |
| *Eagle on* | | GENERAL EXPENSE | | |
| EXPENDED FOR | | FREIGHT EXPRESS | | |
| *acct. against* | | CARTAGE | | |
| *break-in damage* | | AUTO EXPENSE | | |
| RECEIVED PAYMENT *Wanda Wilt Treasurer* | | | | |
| | | TOTAL | | |

STANDARD FORM 106 HATTICK PRINTING CO.- CHICAGO

The above copies are representative of all the exhibits offered and refused by the court, varying only in words and figures and manner of signature.

The appellant cites the rule from 2 Indiana Practice § 1868 at p. 601 to support his contention of error in the refusal of the trial court to admit said exhibits:

"Husbands and wives may testify for or *against each other* in all cases, except as to confidential communications or acts." (our emphasis)

He also further cites the following cases in support of such contention: Pritchard v. State (1931), 93 Ind. App. 89, 177 N. E. 502; Stanley v. Stanley (1887), 112 Ind. 143, 13 N. E. 261; Beitman v. Hopkins (1887), 109 Ind. 177, 9 N. E. 720.

He then states that in the case at bar there is no evidence of confidential communications or acts.

The appellant next contends that since the wife of the defendant testified that she had tendered payment to Silver

Eagle Trailer and had received the receipts prepared by Wanda Wibel, Treasurer, the showing of their actual genuineness and authenticity stands unchallenged. Therefore, the appellant concludes the trial court committed reversible error in excluding such exhibits.

We are unable to perceive the applicability of the above cited cases to an issue such as presented here in a criminal case. The entire theory discussed in each of the cited cases was strictly applied to rather narrow civil issues which were disposed of in the respective opinions. The holdings there could in no way be construed to apply to the character of the evidence sought to be introduced by way of the excluded exhibits in the case at bar.

In our consideration of the alleged error it should be pointed out that the appellant, in his brief, has wholly failed to demonstrate or show whereby he was harmed or prejudiced by the exclusion of such exhibits. In this regard our attention must necessarily be drawn to the above copy of Exhibit "H" which clearly indicates it is a payment credited as "Paid to Silver Eagle on acc't. *against break-in damage.*" Thus it appears to be clearly demonstrated that the series of exhibits would have established almost conclusively the evidentiary fact of one of the essential elements of the crime of second degree burglary, i.e., that of breaking and entering. Thus it appears to this Court that the mere fact that the appellant had reimbursed Silver Eagle Trailer in whole or in part could in no way establish his innocence of the crime charged, but rather would be persuasive of his guilt. Therefore the exclusion of such exhibits in a practical sense, when considered in light of the case at bar, would be in appellant's favor. *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632.

Furthermore any possible error in the exclusion of said exhibits from the evidence is rendered harmless for the reason that even if the evidence had been admitted the jury would not have been required or authorized to render a

different verdict. *Hall* v. *State* (1928), 199 Ind. 592, 159 N. E. 420, 425.

We therefore hold that the appellant has failed to demonstrate prejudicial or reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn, Jackson, and Mote, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 628.