### In re GAGAN'S WILL.

(Supreme Court, General Term, Second Department. December 12, 1892.)

1. PRIVILEGED COMMUNICATIONS—ATTORNEY AS ATTESTING WITNESS TO WILL.
   A request by testator to an attorney to draw his will, and sign it as an attesting witness, is a waiver of the obligation of secrecy imposed on attorneys by Code Civil Proc. § 835, as to communications between themselves and their clients, within the meaning of section 836, which authorizes the client to "expressly waive" such obligation; and hence such attorney is com-

petent to testify to the execution of the will when it is propounded for probate.  In re Will of Coleman, 19 N. E. Rep. 71, 111 N. Y. 220, followed.

2. WILLS—EXECUTOR AS ATTESTING WITNESS.
One named as executor in a will may testify to its execution, if witnessed by him.  Society v. Loveridge, 70 N. Y. 387, followed.

Appeal from surrogate's court, Orange county.

Proceeding for probate of the will of Henry Gagan, deceased.  From the decree of the surrogate admitting the will, Henry Gagan, Jr., and other heirs appeal.  Affirmed.

The will is dated January 25, 1892.  One of the witnesses to its execution, Howard Thornton, is an attorney at law, and he prepared the will.  He is also named as one of the executors.  The testator died February 21, 1892, and proceedings for the probate of the will were commenced April 14, 1892.  The grounds chiefly urged against the probate of the will were (1) that Thornton, being the attorney who drew the will, was incompetent to testify to its execution; and (2) that Thornton, being named as executor, and being a witness, was incompetent to testify, and also ineligible to qualify.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

J. Lewis Strahan, special guardian, (E. A. Brewster, Jr., of counsel,) for appellants.

Howard Thornton, for respondent.

BARNARD, P. J.  The testator made his will in January, 1892. Howard Thornton, an attorney in the supreme court, drew the will, supervised its execution, and was a witness to it, as well as one of the executors to it.  Objection was made that he was not a qualified witness.  Section 835 of the Code originally provided that an attorney should not disclose a communication made to him in the course of his employment.  This section was subsequently amended by a new section, (836,) which permitted a waiver of the disclosure.  The court of appeals has held, in respect to proof by an attorney of a delivery of a deed by instruction of a client, that he was a competent witness; that the communication was made to be communicated.  Rosseau v. Bleau, 131 N. Y. 177, 30 N. E. Rep. 52.  In Re Will of Coleman, 111 N. Y. 220, 19 N. E. Rep. 71, the court of appeals applied the same rule to attorneys who, at the request of a client testator, became witnesses to the will.  One named as an executor in a will may testify to its execution if witnessed by him.  Society v. Loveridge, 70 N. Y. 387.

The decree should be affirmed, with costs.  All concur.