## BELLEDIN *v.* GOOLEY.

[No. 19,390.   Filed May 28, 1901.]

WILLS.—*Witnesses.*—*Wife of Beneficiary.*—Under the provisions of §§507 and 509 Burns 1894, the wife of a beneficiary of a will is not a competent witness to the execution of such will.

From St. Joseph Circuit Court; *Lucius Hubbard,* Judge.

Action by Laura S. Belledin against David Gooley to contest the will of Lewis Gooley on the ground that the wife of David Gooley was not a competent witness to the execution of the will. From the ruling of the court on demurrer to the complaint, plaintiff appeals. *Reversed.*

*J. W. Talbot* and *J. E. Talbot,* for appellant.
*J. E. Fisher* and *J. F. L. Meyer,* for appellee.

MONKS, C. J.—Lewis Gooley by his last will gave all his property, real and personal, remaining after the payment of his debts and funeral expenses, to his brother, David Gooley. Said will was "attested and subscribed" by two witnesses, one the attorney who wrote the will, and the other Lidy Gooley, the wife of David Gooley who was the sole beneficiary under said will.

Appellant brought this action to contest said will on the ground that the wife of David Gooley was not a competent witness to the same.

A demurrer for want of facts was sustained to each paragraph, and this ruling of the court is assigned for error.

In this State it is provided by statute that "No will except a noncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses; and if the witnesses are competent at the time of attesting, their subsequent incompetency shall not prevent the probate thereof." §2746 Burns 1894, §2576 R. S. 1881 and Horner 1897. An attesting witness is competent, under said section, if, at the time of such attestation, he is competent to testify in court to the facts which he attests. *In re Holt,* 56 Minn. 33, 45 Am. St. 434, 22 L. R. A. 481, 483; *Jenkins* v. *Dawes,* 115 Mass. 599; *Morrill* v. *Morrill,* 53 Vt. 74, 78, 38 Am. Rep. 659. The question to be determined, therefore, is whether or not appellee's wife was a competent witness when she attested said will. A large number of the authorities upon the subject of subscribing witnesses and their competency are collected in the note to *Stevens* v. *Leonard,* (154 Ind. 67), 77 Am. St. 446, 459, 469. In this State, however, the question of the competency of such witness is to be determined by statute. Section 504 Burns 1894, §496 R. S. 1881 and Horner 1897 makes all persons, whether parties to or interested in the suit, competent witnesses in a civil action or proceeding, except as otherwise provided in said act. One of the exceptions is that "In all suits by or against heirs or devisees, founded on a contract with or a demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor." §507 Burns 1894, §499 R. S. 1881 and Horner 1897. This section has been held to apply to actions to contest wills. *Lamb* v. *Lamb,* 105 Ind. 456, 458, 459; *Staser* v. *Hogan,* 120 Ind. 207, 214; *Burkhart*

*v. Gladish,* 123 Ind. 337, 345, 346; *McDonald* v. *McDonald,* 142 Ind. 55, 87, 88.

These cases also hold that parties to an action to contest a will are not excluded from testifying respecting matters open to the observation of all the friends and acquaintances of the deceased, such as the mental capacity of the testator. But that they are incompetent to testify concerning matters connected with the execution of the will, and all other matters not open to such observation. *McDonald* v. *McDonald, supra,* 87; *Burkhart* v. *Gladish, supra,* 346; *Lamb* v. *Lamb, supra,* 459.

It is evident from said authorities that a devisee under a will is not a competent witness concerning matters connected with its execution. Section 509 Burns 1894, §501 R. S. 1881 and Horner 1897, provides: "When the husband or wife is a party, and not a competent witness in his or her own behalf, the other shall also be excluded; except that the husband shall be a competent witness in a suit for the seduction of the wife, but she shall not be competent."

Under said section and the authorities cited it is clear that when the husband or wife of a devisee is a witness to such will, that such husband or wife is not a competent witness to prove the due execution of said will. This is true, because in such case, under §507 (499), *supra,* the devisee is not a competent witness concerning matters connected with the execution of the will, and the husband or wife of such devisee, although a witness to the will, is, under §509 (501), *supra,* incompetent at least to the same extent the devisee is. It is true, under §510 Burns 1894, §502 Horner 1897, that in all cases referred to in §§507, 509 (499, 501), *supra,* any party to such suit has a right to call and examine any party adverse to him as a witness, or the court may, in its discretion, require any party to a suit, or other person, to testify, and that any abuse of such discretion is reversible on appeal.

An incompetent witness who is called and examined by the

adverse party, or required by the court to testify under said section, only becomes competent when so called and examined or required to testify, and not before.

If a witness to a will, whose husband or wife is devisee thereunder, is called and examined or required to testify, under said section, such witness becomes competent at that time. It is not sufficient under our statute that the witness to a will may be competent when the will is proved; he must be competent at the time of attestation. §2746 (2576), *supra.*

It is held in Iowa, Minnesota, and Texas, that the husband or wife of a devisee is a competent witness to such will. *Hawkins* v. *Hawkins,* 54 Iowa 443; *Bates* v. *Officer,* 70 Iowa 343; *In re Holt,* 56 Minn. 33, 45 Am. St. 434, 22 L. R. A. 481; *Gamble* v. *Butchee,* 87 Tex. 643, 647.

In said states, however, the husband and wife are competent witnesses for each other in all proceedings to probate wills, while in this State they are not competent witnesses for each other in such cases. It follows that the court erred in sustaining the demurrer to each paragraph of the complaint.

Judgment reversed, with instructions to overrule said demurrer, and for further proceedings not inconsistent with this opinion.