Elizabeth Swanzy et al v. Joseph L. Kolb et al.

[46 South. 549.]

1. Wills. *Credible witness.* Code 1871, § 2388. Code 1880, § 1262. Code 1892, § 4488. Code 1906, § 5078.

> The word "credible" in Code 1871, § 2388, providing that if a will is not wholly written and subscribed by testator, it shall be subscribed by three "credible witnesses" in case of a devise of real estate, is synonymous with "competent.

2. Same. *Devise to subscribing witness. Statutes.* Code 1871, § 1101. Code 1880, § 1973. Code 1892, § 1826. Code 1906, § 2001.

> Under Code 1871, § 1101, providing that if any person shall be a subscribing witness to a will whereby any devise or bequest is made to him, and the will cannot "otherwise be proved," such devise or bequest shall be void and the witness shall be competent as to the residue of the will, as if no such devise or bequest had been made:—
>
> (a) The words "otherwise be proved" refer to proof of the execution of the will and not to its contents; and
>
> (b) A will signed by three witnesses (the then statutory number), to one of whom a devise is given by the will, is not void; the devise is void and the witness competent to establish the residue of the will.

From the chancery court of Lowndes county.

Hon. James F. McCool, Chancellor.

Kolb and others, appellees, were complainants or petitioners

in the court below; Mrs. Swanzy and others, appellants, were defendants there. From a decree probating a will and adjudging the title to lands thereunder, the defendants appealed to the supreme court.

This proceeding was instituted in 1904 by Joseph L. Kolb and others, and seeks to establish the will of Joseph Kolb, deceased, who died in 1880, leaving a widow, Sarah A. Kolb, and no children, and to vest the title to the lands of the testator in complainants, the heirs at law of the testator's brothers and sisters; all of the brothers and sisters having died. The defendants to the bill are the heirs at law of testator's widow, Sarah A. Kolb. The bill charges that Joseph Kolb died leaving a will, by which he devised a life estate in his lands to his widow, Sarah A. Kolb, with remainder to his brothers and sisters; that the will was given to one Samuel Swanzy, one of the executors named therein, to be probated; but the executor failed to probate the will and it cannot now be found. The defendants answered, denying that Joseph Kolb left any will. Testimony was taken, and the chancery court upon trial of the case rendered a decree establishing the will and ordering its probation. The supreme court, at first, affirmed the decree of the court below without written opinion. Thereafter appellants filed a suggestion of error calling attention to the fact that, conceding the will to have been duly established and probated, the testimony shows that one of the three witnesses to the will was Newton Kolb, one of the devisees named in the will, and that, therefore, the devise as to him was void, under Code of 1871, § 1101, in force when the testator died, since he was a subscribing witness.

*William Baldwin,* for appellants.

Even if all these witnesses to this will, that is to say, if all three of them, Malloy, Morris and Newton Kolb, were to come into court and prove the will in due form, most certain it is that the will would be void, so far as the part of the land devised to Newton Kolb is concerned.

Newton Kolb was one of the alleged witnesses to this will, giving to him, Newton Golb, part of the land.

And the decree appealed from gives to Newton Kolb his full part. Code 1871, § 1101.

Surely the will could not be proved except by the name of Newton Kolb and if proved by the name of Newton Kolb, it is void as to any devise to him in the will, and as to the part devised to Newton Kolb, Joseph Kolb died intestate, and that part went to his widow, and at her death, belonged to her heirs, who are the defendants to this bill.

*Leftwich & Tubb,* for appellees.

It seems to us a far-fetched idea that the mere presence of the name of Newton Kolb as a witness on the face of the paper should forfeit his devise; that is not the language of the statute. That result was to follow only when the will could "not otherwise be proved," and it has otherwise been proved in this case, because Newton Kolb could not be called from the grave. If Newton Kolb of all the witnesses were alone alive and we had no secondary proof by which we could establish the will and we were compelled to call him as we doubtless would be, then his devise would be forfeited, but only then would it be forfeited. Many cases could be referred to if necessary to show that wills have been established not only in the absence of the testimony of the subscribing witnesses, but even contrary to their testimony. As the courts remarked in the cases here referred to, it is not to be tolerated that the devisees should lose their estate because of the death, loss of memory, or stupidity of perverseness of the witnesses to it who could not remember its legal execution. One witness proved a will when he does not remember the others. *Dan v. Brown,* 15 Am. Dec. 395.

The will may be established by circumstantial or presumptive evidence when all the witnesses testified it was not duly executed in some particulars. Note, *Welch v. Welch,* 15 Am. Dec. 126.

The presumption in favor of the due execution of the will

when it appears on its face to possess all the legal requisites will prevail over the testimony of all the witnesses to the contrary. Note, *Jackson v. LeGrange,* 10 Am. Dec. 237.

Argued orally by *George J. Leftwich,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court in response to the suggestion of error.

This will required, to be valid, three attesting witnesses. Joseph Kolb, the testator, died in June, 1880. The Revised Code of 1871, therefore, governs. Code 1871, § 2388, provides as follows: "If not wholly written and subscribed by himself. or herself it [the will] shall be attested by three credible witnesses in case of the devise of real estate." The word "cred- ible," in this statute, is synonymous with "competent."

Schouler in the second edition of his work on Wills (sec- tion 350), says: "By 'credible' witnesses the English law has un- derstood such persons as were not disqualified from testifying in courts of justice by mental imbecility, crime or interest. In American practice 'credible' signifies the same as 'competent,' * * * and hence a person convicted of crime might in most states legally witness a will, and the fact of his conviction could only be used to impeach his testimony. Under the statute of frauds a will of lands was required to be attested by three or four credible witnesses. This was interpreted to mean competent wit- nesses and by the common-law rules as to competency. If a legacy or devise was given to a subscribing witness, he became incompetent by reason of interest, and the whole will failed, through failure of the proof requisite to establish the will." This rule, operating the gross injustice of defeating the whole will, was changed by the English statute (St. 25 Geo. II, c. 6), which provided that the will should only be invalid so far as the interested witnesses was concerned. Underhill, in his work on Wills (volume 1, § 82) says: "In the United States of America the incapacity of an attesting witness to take under

the will is absolute, except there be the statutory number of attesting witnesses to establish the will without his testimony." See, also, sections 192, 193, vol. 1, of Underhill on Wills.

Code 1871, § 1101, reads as follows: "Sec. 1101. If any person shall be a subscribing witness to a will wherein any devise or bequest is made to such subscribing witness and the will cannot otherwise be proved, such devise or bequest shall be void, and the witness shall be competent as to the residue of the will as if no such devise or bequest had been made, and shall be compelled to testify."

What is it that is to be thus "otherwise proved"—the contents of the will, or the execution of the will? The history of legislation in England and the United States on this subject shows plainly that what is to be thus "otherwise proved" is the execution of the will. Wigmore on Evidence vol. 2, p. 1593, § 1304, par. 2, says: "Where a statute requires that execution be 'proved' by a certain number of witnesses, that number must be called, and each must presumably testify to all the elements of a valid execution." The following authorities show plainly that it is the execution of the will which is to be proved: Wigmore on Evidence, vol. 2, § 2048; Id. vol. 1, § 582; Id. vol. 4, § 2456; Schouler on Wills, §§ 353, 357. The language of Scouler's section 353 is, speaking of subscribing witnesses as to their competency and the disqualification arising from interest: "This policy extends to those beneficially interested who are not subscribing witnesses; and such persons cannot testify to the execution of a will." Underhill on Wills, vol. 1, § 82, says: "As this rule always resulted in defeating the entire will, it was enacted by St. 25 Geo. II, c. 6, that the will should only be invalid so far as the interested witness was concerned, and that he might testify as a witness as to its execution." To the same effect, that it is the execution of the will which is to be "otherwise proved," or "proved," is *Boone v. Lewis,* 103 N. C. 45, 46, 9 S. E. 646, 14 Am. St. Rep. 783. The court approvingly quotes as follows: "In *Taylor v. Mills,* 1 Moody & R. 288, it was held by Lord

Denman, Chief Justice, that a devise to a subscribing witness to the will was void, although there were other witnesses, sufficient in number, to prove the will." To the same effect is *Sullivan v. Sullivan,* 106 Mass. 474, 478, 8 Am. Rep. 356, which points out that it is the execution of the will which is to be thus "proved," or "otherwise proved." In 1 Jarman on Wills (5th Am. Ed.) p. 192, St. 1 Vict. c. 26, § 14, is quoted, which is: "That if any person, who shall attest the execution of a will shall at the time of the execution thereof, or at any time afterwards, be incompetent to be admitted a witness to prove the execution thereof, such will shall not on that account be invalid." It is thus made perfectly clear that what in Code 1871, § 1101, it to be "otherwise proved" is the execution of the will, and not its contents.

The distinction which settles the controversy is this, as we gather it from the authorities: That the rule requiring three competent witnesses to a will devising land, where that number is required, since the statute of frauds was passed in 1678 (St. 29 Car. II, c. 3), is a rule of validity, and not a rule of evidence. In other words, since the statute required, when this will was made, three competent witnesses to a will devising land, and since a subscribing witness to whom a devise was made by that will was not competent because of his interest, the whole will would have failed prior to St. 25 Geo. II, c. 6, referred to, and now the legacy must fail. In other words, it is a rule of substantive law, and not a rule of evidence, that the written attestation of three competent witnesses to the will shall be essential to its validity; that is to say, this written attestation of three competent witnesses is, by the substantive law, made a solemn formality without the observance of which the will was absolutely void in its entirety, and is now void as to the legacy to the subscribing witness. It is not a mere matter of evidence. It is a positive requirement of substantive law, without strict compliance with which—that is to say, without the written attestation of the will by three competent witnesses—the will, as

stated, was originally wholly void, and is now void as to the legacies or devises to interested subscribing witnesses. All this is made perfectly clear by the masterly treatment of the matter by Wigmore in his work on Evidence (vol. 4, §§ 2454–2456; section 582, vol. 1; sections 2048, 2049, vol. 3; section 1304, vol. 2). In section 2456, par. 3, vol. 4, he says: "The attestation of a document was originally not a formality to the validity of the document, but merely a precaution desirable for securing testimony to the transaction. The noting of the names of the witnesses on the document was thus only a memorandum for future usefulness. But the statute of frauds introduced, for wills, the act of attestation as a formality. This formality includes two things: First, the presence of the witnesses at the act of signature by the testator; and, secondly, the signature of the document by the witnesses. The two together thus constitutes an intrinsic element in the validity of the document." In section 582 of volume 1 he says: "Whether the person attesting a will is eligible as such is purely a question of the substantive law applicable to the validity of wills. The object of the statute is not to determine the competency of the persons called to testify to the will, but to secure the execution of the will under formalities of a special sort. * * * Certain corollaries ensue from this principle, and illustrate it. In the first place, the rule of validity, requiring attestation by certain persons, remains to be satisfied, whether or not any one of those persons appears as a witness. For example: The rule that certain of these persons must be called in preference to others to testify is a rule of evidence, independent of the rule of validity, and may be dispensed with, while the latter remains in full force." In section 2049 of volume 3, he says: "In the first place, the validity of the will, as to its formalities of execution, was affected [that is, by the statute of frauds]. The act of execution, after the statute, must include the act of signing by three witnesses. Without their co-operation, the will is void. Here is no matter of evidence, but of substantive law." In section 1304, vol. 2, p. 1593, he says: "From the above requirements of the

present rule, the following doctrines must be distinguished: (1) by the substantive law, prescribing the elements of a valid execution, it may be necessary to prove signing, delivery, presence of the maker, and the like. Now, if the present rule in a given jurisdiction requires but one attestor to be called, and if he is unable to testify to all these elements, the present rule is satisfied; but the elements of the execution are not yet made out, so that the proponent may have to call others to prove the remaining facts of the case. This, however, is not because of the present rule, but because otherwise the requirements of his particular case, under the substantive law, are not fulfilled. It is to this that the common expression refers, in the rulings above cited, that 'one witness suffices, provided he can prove the requisites of a valid execution.' "

We think, from this masterly discussion by Prof. Wigmore and from all the other authorties, which we have carefully examined, that under Code 1871, § 1101, the devise to the subscribing witness, Newton Kolb, is void. It comes simply to this, under the law: That until St. 25 Geo. II, c. 6, was passed in England—reincorporated substantially in the laws of the different American states—a will of land which did not have the proper number of competent attesting witnesses was absolutely void, and that since that statute and other like statutes— we have Code 1871, § 1101, as applied to this case—not the whole will, but the devise or legacy to the interested subscribing witness, is void; in other words, the entire will, in the one case, fails because it does not have the solemn formality the substantive law requires it to have as essential to its validity of being attested in writing by the required number of competent witnesses; and now, not the whole will fails, but the devise or legacy to the interested subscribing witness fails, and that annulment of such devise or legacy to the subscribing witness leaves him competent, and so the required number of competent witnesses is furnished, which saves the will except as to the annulled legacy or devise.

We ought to add that on the oral reargument of this cause the

attention of the court and of counsel was directed to the single proposition as to whether the will had been, by all the testimony in the case, legally established, and that consideration of the question raised by the suggestion of error, but which was pressed by counsel for the suggestion of error in his original brief, was not made prominent.

It follows from these views, that the suggestion of error must be, and it is hereby, sustained, and the original judgment will be corrected accordingly.

*Suggestion of error sustained.*