## HIATT ET AL. *v.* McCOLLEY ET AL.

[No. 21,061. Filed October 16, 1908.]

1. APPEAL. — *Parties.—Names.—Executors.—Fiduciary Capacity.—* Where plaintiffs' complaint names "John F. Carson, executor" as a party, they cannot on appeal object to such name in the assignment of errors on the ground that such person was not made a party in his representative capacity. p. 93.

2. WITNESSES. — *"Competent." — Wills. — Words and Phrases.*—A "competent" witness, as required in the statute of wills (§3132 Burns 1908, §2576 R. S. 1881), is one qualified to testify generally in courts, and laboring under no legal disqualifications—one competent to testify as to the facts attested, in a proceeding to probate such will. p. 93.

3. SAME.—*Competency.—Parties.*—In Indiana the general rule, subject to certain exceptions, is, that parties to the suit are competent witnesses. p. 94.

4. SAME.—*Competency.—Parties to Will Contests.*—Parties having a personal interest in will contests are not competent witnesses (§522 Burns 1908, §499 R. S. 1881) as to matters occurring prior to the death of the testator, except as to such facts as were open to the observation of all persons, and to be used as furnishing a basis upon which to express an opinion as to the testator's sanity. p. 94.

5. WILLS.—*Parties.—Executors.*—The nominated executor in a will is a proper party in a proceeding to resist the probate thereof, and a necessary one in a proceeding to contest such will. pp. 95, 96.

6. WITNESSES. — *Competency.—Executors.—Wills.—Execution.*—An executor, not personally interested in the transmitted property, is a competent witness in a proceeding to resist the probate, or to contest the will; and his attestation of a will does not invalidate same. pp. 95, 96.

From Marion Circuit Court (12,083); *Henry Clay Allen,* Judge.

Action by Sarah I. McColley and others against James E. Hiatt and others. From a judgment for plaintiffs, defendants appeal. *Reversed.*

*Harding & Hovey* and *O. U. Newman,* for appellants.
*James P. Baker,* for appellees.

MONTGOMERY, J.—Appellees brought this action September 17, 1902, to resist the probate of the will of John W. McLain, deceased, upon the ground that the sole executor therein named had, as an attorney, prepared and subscribed such will as one of two attesting witnesses, and was in possession of and proposed to probate the same. Appellants' demurrers to the complaint were overruled, and they answered separately, to the effect, that after the death of the testator the executor named in his will declined to qualify

as such, and on October 15, 1902, filed in the office of the clerk of the court below a renunciation and waiver of all right and claim to letters testamentary of said will, and asked the court to accept and record such waiver, and filed in this proceeding an answer disclaiming any interest in this litigation. Appellees' demurrers to these answers were sustained, and, appellants electing to stand upon their answers and declining to amend, judgment was entered declaring said will null and void and denying its admission to probate, and for costs against appellants Hiatt and House.

Appellants allege that the court erred in overruling their several demurrers to the complaint and in sustaining demurrers to their respective answers.

Appellees' counsel has moved to dismiss this appeal, for the reason that the appeal was taken in vacation, and the executor has not been made a party in his representative capacity. The name of "John F. Carson, executor," is found in the assignment of errors by the form and style adopted in appellees' complaint, and if Carson should be regarded as a duly appointed and qualified executor, and his representative character is not alleged with sufficient certainty, the fault lies primarily with appellees, and their motion to dismiss upon that ground cannot be sustained. *Smith* v. *Gustin* (1907), 169 Ind. 42.

The section of our statutes governing the execution of wills reads as follows: "No will except a nuncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses; and if the witnesses are competent at the time of attesting, their subsequent incompetency shall not prevent the probate thereof." §3132 Burns 1908, §2576 R. S. 1881. A "competent" witness is one competent to testify generally in courts of justice, and laboring under no legal disqualifications. The attestation of a will contemplates the necessity of subsequently testifying

to the facts attested, when the will shall be propounded for probate. In statutes relating to the attestation of wills the words "competent" and "credible" have frequently been used as synonymous and interchangeable; and in that connection a "competent witness" means a person not legally disqualified by reason of mental incapacity, interest or conviction of crime from testifying in courts of justice—one who, at the time of subscribing the will, would be competent to testify to the facts attested in a proper proceeding to probate the will. *Belledin* v. *Gooley* (1901), 157 Ind. 49; *Jenkins* v. *Dawes* (1874), 115 Mass. 599; *Morrill* v. *Morrill* (1880), 53 Vt. 74, 38 Am. Rep. 659; *In re Holt's Will* (1893), 56 Minn. 33, 57 N. W. 219, 45 Am. St. 434, 22 L. R. A. 481; *In re Noble* (1888), 124 Ill. 266, 270, 15 N. E. 850; *Fuller* v. *Fuller* (1885), 83 Ky. 345, 349.

In this State all persons, whether parties to or interested therein, are competent witnesses in a civil action or proceeding, except as otherwise specially provided. §519 Burns 1908, §496 R. S. 1881. Insane persons and children under ten years of age and incapable of understanding the nature and obligation of an oath are excluded, also attorneys, physicians and clergymen may not divulge particular matters, or husband and wife reveal confidential communications. §520 Burns 1908, §497 R. S. 1881.

Section 522 Burns 1908, §499 R. S. 1881, reads as follows: "In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor." Actions to contest wills are held to come within the provisions of this section, and to render the parties thereto incompetent to testify to matters occurring in the lifetime of the testator, except such facts and occurrences as were open to the observation of all friends and

acquaintances of the deceased, and are to be used as a basis upon which to express an opinion as to the mental soundness of the testator. *McDonald* v. *McDonald* (1895), 142 Ind. 55, 87; *Belledin* v. *Gooley, supra.*

This court formerly held that under our statutes a nominated executor was a necessary party in a proceeding to resist the probate of a will. *Fillinger* v. *Conley* (1904), 163 Ind. 584. In actions to contest brought after probate and within three years of the time when the will was offered for probate, there is no doubt that the executor must be made a party defendant. §3154 Burns 1908, §2596 R. S. 1881.

The contention of appellees' counsel is that John F. Carson, who wrote and witnessed the will in suit, and was nominated therein as executor, was a necessary party to this proceeding, and accordingly disqualified by §522, *supra*, from testifying as a witness upon the trial, and therefore not a competent witness to attest the execution of the will. If Carson was an incompetent witness for these reasons, the will was witnessed by only one competent person, was not duly executed, and is void. The lower court took this view of the law in sustaining the complaint and in rejecting the answers.

Any person interested in any part of the estate specified in the will of a testator may, upon his death, have such will proved. §3135 Burns 1908, §2579 R. S. 1881.

The proceeding to probate a will is ordinarily *ex parte* and of an informal character, and, in the absence of any objections or resistance to such probate, there is no inhibition against the person nominated in a will as executor testifying as a witness in establishing its due execution. It is beyond dispute, therefore, that in the great majority of instances a nominated executor, attesting the execution of a will, is competent to make the necessary proof to entitle it to be probated.

If an executor as such is ever disqualified from testifying,

it is only when *ex officio* he is made a party to a proceeding
to contest a will and is thereby brought within the letter of
§522, *supra*. In such cases he is not within the spirit of
this disqualifying statute, since his relation to the subject-
matter of the suit is fiduciary and not personal, and he has
no direct interest in the result, and is free from the induce-
ments and temptations to commit perjury which might be
supposed to influence the testimony of parties personally
concerned in the estate of the decedent.

But in proceedings to resist probate, founded upon §3153
Burns 1908, §2595 R. S. 1881, and brought before probate,
there can be no executor in the full sense and mean-
ing of the term, and the person nominated as executor,
if any, in such will, may be a proper, but is not a
necessary, party to such proceeding, and the statute exclud-
ing parties from testifying to facts occurring in the testa-
tor's lifetime does not apply to him. The nominated
executor being a competent witness generally, and in the
special probate proceedings, our conclusion is that he is a
competent attesting witness to the execution of the will. It
is provided that when a will has been witnessed by a bene-
ficiary thereof, and it cannot be probated without his testi-
mony or proof of his signature, it shall be void only as to
him and persons claiming under him. §3144 Burns 1908,
§2586 R. S. 1881.

It was certainly not the intention of the legislature to
strike down an entire will, and defeat the purpose and intent
of the testator, merely because one of the persons at-
testing his act was nominated as executor. The per-
son nominated as executor by will has no interest,
by virtue of that fact, in the estate which he is to administer;
he must outlive the testator, be found by the court a com-
petent person to administer the trust, and accept and qual-
ify before he assumes his full official duties. We are not
warranted in enlarging the scope and effect of §522, *supra*,
so as to render a nominated executor an incompetent at-

testing witness merely because the will may be drawn into private litigation between heirs and beneficiaries by a suit to which he becomes an involuntary party.

This holding is in harmony with the uniform decisions of other states in similar cases, wherein the words "credible," "disinterested" and "competent" are treated as synonymous. In the case of *Sears* v. *Dillingham* (1815), 12 Mass. 368, 371, the court said: "If then Dillingham was a competent witness at the time he attested the will, there can be now no legal objection to it because of his subsequent incompetency. He appears to derive no interest whatever under the will, not being residuary legatee, or having any devise or bequest in it. He is merely named executor, with another person who is residuary legatee. He could not, even by accepting the trust, acquire any interest; although he might subject himself to some liability, which would render him incompetent afterwards to testify. But this at the time was contingent, and depending altogether upon his assent. Had he died before the testator, the will might have been proved and committed to the other executor to administer alone; or had he renounced the trust, the same disposition would have been made. No person could have been more free from interest, than he was at the time of attestation. He might not have known at the time of signing that he was named executor in the will." See, also, *Sparhawk* v. *Sparhawk* (1865), 92 Mass. 155; *Meyer* v. *Meyer's Executor* (1857), 7 Fla. 292, 68 Am. Dec. 441; *Richardson* v. *Richardson* (1862), 35 Vt. 238; *Comstock* v. *Hadlyme, etc., Society* (1830), 8 Conn. *254, 20 Am. Dec. 100; *Snedeker* v. *Allen* (1806), 2 N. J. L. 35; *Lippincott* v. *Wikoff* (1895), 54 N. J. Eq. 107, 33 Atl. 305; *Coalter's Executor* v. *Bryan* (1844), 1 Gratt. 18; *Vansant* v. *Boileau* (1808), 1 Binn. (Pa.) 444; *Snyder* v. *Bull* (1851), 17 Pa. St. 54; *In re Jordan's Estate* (1894), 161 Pa. St. 393, 29 Atl. 3; *Jones* v. *Larrabee* (1860), 47 Me. 474; *Stewart* v. *Harriman* (1875),

56 N. H. 25, 22 Am. Rep. 408; *In re Lyon's Will* (1897), 96 Wis. 339, 71 N. W. 362, 65 Am. St. 52; *Children's Aid Society* v. *Loveridge* (1877), 70 N. Y. 387; *In re Wilson's Will* (1886), 103 N. Y. 374, 8 N. E. 731; *Loder* v. *Whelpley* (1888), 111 N. Y. 239, 18 N. E. 874; *In re Gagan's Will* (1892), 21 N. Y. Supp. 350; *Davenport* v. *Davenport* (1906), 116 La. 1009, 41 South. 240, 114 Am. St. 575.

It follows from the conclusions announced that the affidavit or complaint to resist the probate of the will of John W. McLain, deceased, was insufficient, and the court erred in overruling appellants' demurrer to the same. The judgment is reversed, with directions to sustain the several demurrers to the complaint.

Gillett, C. J., concurs in the result.