## WISEHART *v.* APPLEGATE ET AL.

### [No. 21,321. Filed May 25, 1909.]

1. WILLS.—*Attestation.*—*"Competent Witnesses."*—Under §3132 Burns 1908, §2576 R. S. 1881, providing that all wills must be attested by two or more "competent witnesses," a witness is "competent," if, at the time of such attestation, he is competent to testify in court to the facts which he attests. p. 315.

2. WILLS.—*Attestation by Executor.*—*Competency.*—A will attested by the named executor, who is not a beneficiary, together with another competent person, is valid. p. 315.

3. WILLS.—*Witnesses.*—*Subsequent Incompetency.*—A will attested by two competent witnesses is valid, though one of such witnesses subsequently becomes incompetent. p. 315.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Jessie B. Wisehart against Lucretia B. Applegate and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Daily & Salsbury* and *Jackson & Sample,* for appellant. *Felt & Binford,* for appellees.

MONKS, J.—It appears from the record that William Brooks, a resident of Hancock county, died on February 8, 1907, leaving surviving him four children as his only heirs at law; that on February 20, 1907, an instrument in writing, purporting to be his last will, and bearing date of January 6, 1906, was duly admitted to probate in said Hancock county. Appellant, one of the children of the deceased, her children and the three other children of the deceased are the only beneficiaries under said will. Said will was attested by three witnesses, J. H. Kimberlin, Marshall Jeffers and Marion Brooks. Marion Brooks, one of said witnesses, was named in the will as executor, and after the probate of the will he accepted said trust, filed his bond, qualified and entered upon the discharge of his duties as such executor, and was acting as such when this suit was brought. Marshall Jeffers, another of said witnesses, was and still is the husband of Nellie C. B. Jeffers, a daughter of the deceased, and one of the beneficiaries under said will.

This action was brought by appellant against appellees under §3154 Burns 1908, §2596 R. S. 1881, to contest said will after the probate thereof, on the ground that Marion Brooks and Marshall Jeffers at the time they attested said will were not competent to be witnesses to the same, because said Brooks was named therein as executor, and said Jeffers was, at the time he attested the will and at all times since has been, the husband of Nellie C. B. Jeffers, a legatee under said will. Appellees' demurrers for want of facts were sustained to the complaint, and, appellant refusing to plead further, judgment was rendered in favor of appellees.

In this State it is provided by statute that "no will except a nuncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses; and if the witnesses are competent at the time of the attesting, their subsequent incompetency shall not prevent the probate thereof." §3132 Burns 1908, §2576 R. S. 1881. An attesting witness is competent under said section if, at the time of such attestation, he is competent to testify in court to the facts which he attests. *Belledin* v. *Gooley* (1901), 157 Ind. 49, 50, and cases cited.

If, therefore, both said Brooks and Jeffers were not competent to be witnesses to said will when they attested the same, the court erred in sustaining the demurrer to the complaint, because it was only attested by one witness, Kimberlin; but, if either one of said witnesses was competent to attest said will, the judgment must be affirmed, because it was attested by two competent witnesses. It was held by this court in *Hiatt* v. *McColley* (1908), 171 Ind. 91, that in proceedings to resist the probate of a will under §3154, *supra,* the person named therein as executor, if not a beneficiary under said will, is a competent witness in such proceeding to the facts which he attests, and is therefore "a competent attesting witness to the execution of the will." See, also, 1 Underhill, Wills, §205.

It follows that, if the probate of said will had been resisted under §3154, *supra,* said attesting witness Marion Brooks, although named as executor therein, would have been a competent witness, on behalf of those seeking to probate said will, as to all facts in controversy in said case, and therefore competent to be a witness to said will.

He was a competent witness at the time he attested the will, and, even if he afterwards became incompetent, the validity of the will would not be affected thereby. §3132 Burns 1908, §2576 R. S. 1881; *Belle-*

din v. *Gooley, supra; Hiatt* v. *McColley, supra; Sears* v. *Dillingham* (1815), 12 Mass. \*358, \*362; 1 Underhill, Wills, §205. If attesting witness Brooks is not a competent witness in an action to contest said will after probate because he qualified and entered upon the discharge of his duties as executor and is a necessary party to such proceeding—a question we need not and do not decide—such incompetency, being subsequent to his attesting said will, does not impair or in any way affect the validity of said will. §3132 Burns 1908, §2576 R. S. 1881. We held in *Belledin* v. *Gooley, supra,* that when the wife of one of the two attesting witnesses to a will is the sole beneficiary under said will, the will is void, because the husband of such beneficiary is not a competent witness. In this case the wife of the attesting witness Jeffers is not the only beneficiary under said will, but there are nine other beneficiaries. It has been held in some jurisdictions that in such case the legacy to the wife of the attesting witness is void, but such witness is competent; while in other jurisdictions it has been held that an attesting witness, who is the husband or wife of the legatee, is absolutely incompetent to testify as a witness, and the will is void. 1 Underhill, Wills, §206.

We are not required to decide and do not decide in this case whether said Jeffers was a competent witness to said will, because, as we have already shown, two of said attesting witnesses, Kimberlin and Brooks, were competent witnesses when they attested said will, which is all the statute (§3132, *supra*) requires. It is evident that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.