## WILEY ET AL. v. GORDON ET AL.

[No. 22,046.   Filed March 10, 1914.]

1. WILLS.—Contest.—Pleading.—Harmless Error.—Ruling on Demurrer.—Where one of the grounds set forth in a complaint to contest the codicil to a will was that such codicil was unduly executed, plaintiff was not harmed by the sustaining of a demurrer to another ground assigning that the codicil was void and not duly executed because not attested by two competent witnesses, in that one of the attesting witnesses was a surviving child and heir at law of the testator, and a residuary legatee as well as sole executor, since the ground assigning that the codicil was unduly executed embraced insufficient attestation and authorized the making of all proof that could have been made under the ground to which the demurrer was sustained. p. 257.

2. WILLS.—Contest.—Pleading.—Proof.—All objections to the validity of a will or codicil for which a contest may be waged under the provisions of §3154 Burns 1908, §2596 R. S. 1881, may be proved under the general allegation that the will or codicil was unduly executed, save only the ground that the testator was of unsound mind. p. 258.

3. WILLS.—*Contest.—Attesting Witnesses.—Competency.*—The exception to the competency of parties and persons interested, to testify, which is made by §522 Burns 1908, §499 R. S. 1881, applies to proceedings to contest wills and renders them incompetent to testify concerning matters involved in the execution of the will, while leaving them free to testify to matters open to the observation of others, such as the mental testamentary capacity of the testator, hence a devisee under a will or codicil is not a competent attesting witness. p. 258.

4. WILLS.—*Attesting Witnesses.—Competency.*—An attesting witness to a will is competent and satisfies the provisions of §3132 Burns 1908, §2576 R. S. 1881, if, at the time he signs, he is competent to testify in court to the facts which he attests. p. 258.

5. WILLS.— *Attestation.— Incompetency of Witnesses.— Effect.*— Section 3144 Burns 1908, §2586 R. S. 1881, providing that if any person shall be a subscribing witness to the execution of a will in which any interest is passed to him, and the will cannot be proven without his testimony or proof of his signature thereto as a witness, such will shall be void only as to him and persons claiming under him, and he shall be compellable to testify respecting the execution of such will as if no such interest had been passed to him, is not to be regarded as a provision for probating a will that has been attested by two competent witnesses and also by a devisee, where the competent witnesses have died or become mentally incapable of testifying, or are otherwise not available, especially in view of the provisions of §§3141, 3143 Burns 1908, §§2584, 2585 R. S. 1881, making the testimony of one competent witness alone sufficient to prove a will and admit it to probate, and providing that where the witnesses are dead, out of the State, or have become incompetent from any cause, the execution of the will may be proven by witnesses acquainted with the handwriting of the testator and subscribing witnesses; but under said §3144, where a will naming plural beneficiaries is signed by one of them as one of the two attesting witnesses required by law, the provisions of the will for the other beneficiaries are saved, and such interested witness is rendered competent. pp. 259, 262.

6. WILLS.—*Attestation.—Incompetency of Witness.—Unnecessary Witness.*—A will, if otherwise valid, is valid if attested by two competent witnesses, and is admissible to probate on proof of such attestation, hence proof of attestation by a third witness, who was not competent, would not be necessary. p. 262.

7. APPEAL.—*Briefs.—Statement of Evidence.*—Where the statement of the evidence in appellant's brief sufficiently complies with Rule 22, clause 5, and the brief of appellees does not supplement

such statement, the same will be deemed to be accurate and the sufficiency of the evidence will be determined therefrom. p. 263.

8. WILLS. — *Contest.* — *Evidence.* — *Conclusiveness of Finding.*— Where the evidence is conflicting on the issue of testamentary capacity or of undue influence, the court on appeal is precluded from disturbing the finding on the ground of insufficient evidence. p. 263.

9. WILLS.—*Contest of Codicil.*—*Evidence.*—In a suit to contest the codicil to a will, the fact that no assault is made on the will and that it is conceded to be a valid instrument, is not without effect in the consideration of the questions raised as to the validity of the codicil, where the codicil discloses the same purpose and intent on the part of the testator as that shown by the will, the only change resulting from the effect which the intervening time had made in the conditions. p. 263.

10. WILLS.—*Mental Capacity.*—*Old Age.*—Not every lack of, or deviation from, normal mental soundness will overthrow a formally executed testamentary instrument; hence old age with its natural impairment of physical and mental powers does not, of itself, render one mentally unqualified to make a will, even if accompanied with delusions or monomania, unless they affected the execution of the will. p. 264.

11. WILLS.—*Mental Capacity.*—*"Unsound Mind".*—The phrase "of unsound mind", as used in the statute of wills, means a person of a degree of unsoundness of mind which does not measure up to the standard of testamentary competency generally recognized by law. p. 265.

12. WILLS.—*Mental Capacity.*—The test for mental testamentary capacity is satisfied where it appears that at the time of making a will or codicil the testator was in possession of sufficient strength of mind and memory to enable him to know the extent and value of his property, the number and names of those who were the natural objects of his bounty, their deserts with reference to their conduct toward and treatment of him, and to carry these things in mind long enough to have his will prepared and executed. p. 265.

13. WILLS.—*Contest.*—*Mental Incapacity.*—*Evidence.*—*Sufficiency.*—In a suit to contest the codicil to a will, where the will was admitted to be valid, and facts proven showed that physically and mentally the testator was no different than when the will was executed, except as changed by increased age, and that he was as normal and sound when the codicil was written as the average man of his age, and there was no evidence to the contrary, the mere opinions of certain witnesses that for the last three or four years of his life testator was of unsound mind will not sustain a finding of mental testamentary incapacity, where the facts

on which such opinions were based showed that the mental weakness of the testator was merely the concomitant of advancing years. p. 265.

14. WILLS.—*Undue Influence.*—Undue influence, to avoid a will, must be directly connected with its execution and must operate at the time it is made, and it must be of such compelling force that the supposed will, or part thereof in question, is in reality that of another, and not of the testator except in the sense that he has consented to put his name to it in the form in which it appears. p. 266.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by James Gordon and others against Alexander Wiley and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*A. L. Sharpe, A. W. Hamilton, George H. Koons* and *George H. Koons, Jr.,* for appellants.

*Frank W. Gordon, William H. Eichhorn* and *Edwin C. Vaughn,* for appellees.

Cox, J.—Robert W. Wiley, then about 73 years old, made his will in 1899. This will, after some special minor bequests and after taking into account certain specified advancements, devised his estate equally to his eight children, who were then all living and adults who were settled in life. Thereafter one of his children, the mother of appellees, died, and after her death, he, in 1907, executed a codicil to the will by which he bequeathed to each of appellees a specific sum of money, the total of which sums was less than would have been their mother's equal share, and devised the residuary estate in equal shares subject to advancement to his seven surviving children. Robert W. Wiley died in 1910 and the will and codicil were duly admitted to probate.

This action was brought by appellees, the two minor sons of the deceased daughter of Wiley to contest the validity of the codicil on the following grounds: (1) That at the time of its alleged execution, Wiley was of unsound mind; (2) that its execution was procured by undue influence; (3) that it was unduly executed; (4) that it is void and

not duly executed because not attested by two competent witnesses as required by law, in that one of the two witnesses who attested it was one of the surviving children and heirs-at-law of the testator and a residuary legatee and was also named as sole executor. To the latter ground of contest, the court sustained a demurrer addressed to it by appellants. A trial by jury resulted in a general verdict that the testator was of unsound mind at the time he executed the codicil and incapable of executing the same, and that it was unduly executed. The general verdict was accompanied by answers to interrogatories which were in harmony with it. From a judgment in harmony with the verdict, adjudging the codicil invalid and revoking the probate of it, this appeal is prosecuted and the only error which is well assigned, that is relied on for reversal, is that the trial court erred in overruling appellants' motion for a new trial. The causes assigned for a new trial, and now relied on as the bases of errors for which a reversal of the judgment is asked, are the insufficiency of the evidence in law and fact to support the verdict, the admission and exclusion of certain testimony and the refusal of the court to require two interrogatories to be answered more certainly and specifically.

Appellees have assigned the action of the trial court in sustaining the demurrer to their fourth ground of contest as cross error and, it is claimed, the determination of the question thus raised favorably to them must result in affirming the judgment and will obviate the necessity of giving consideration to the questions arising on appellants' various claims of error. We deem it proper, therefore, to give first consideration to the cross error. Section 18 of our statute relating to wills, being §3132 Burns 1908, §2576 R. S. 1881, provides: "No will except a nuncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent

witnesses; and if the witnesses are competent at the time of attesting, their subsequent incompetency shall not prevent the probate thereof.'' Section 29 of the same statute, being §3144 Burns 1908, §2586 R. S. 1881, provides: ''If any person shall be a subscribing witness to the execution of any will in which any interest is passed to him, and such will cannot be proven without his testimony or proof of his signature thereto as a witness, such will shall be void only as to him and persons claiming under him, and he shall be compellable to testify respecting the execution of such will as if no such interest had been passed to him; but if he would otherwise have been entitled to a distributive share of the testator's estate, then so much of said estate as said witness would have been thus entitled to, not exceeding the value of such interest passed to him by such will, shall be saved to him.'' It is the contention of appellees under their assignment of cross error that, as the codicil was attested by only two witnesses,—one of them incompetent by reason of interest, §3132, *supra,* was not complied with and the codicil was void and without effect on the estate of the testator under the provisions of that section. It is further claimed that §3132, *supra,* is not qualified by §3144, *supra;* and that the codicil in suit is unaffected by the latter section, the contention being that it must be taken to provide a means of probating a will attested by the required number of competent witnesses and also by a devisee where neither of the competent witnesses is at hand or available to make proof of the will, and the devisee is.

If the question presented were only involved in the court's ruling on the demurrer, we would not feel called upon to consider it, for it is manifest that appellees could not have been harmed by the ruling. The elimination from appellees' complaint of the fourth ground of contest did not affect in any way their right to contest the validity of the codicil on the ground of the insufficiency of

its attestation, for the reason that the third ground of contest stated in their complaint was that the codicil was unduly executed. This, it is clear, embraced insufficient attestation and under it, the way was open for all the proof against the validity of the codicil which could have been made under the fourth alleged ground of contest. It has long been the rule that all objections to the validity of a will or codicil for which a contest may be waged under the provisions of §3154 Burns 1908, §2596 R. S. 1881, may be proved under the general allegation that the will or codicil was unduly executed, save only the ground of the unsoundness of mind of the testator. *Kenworthy* v. *Williams* (1854), 5 Ind. 375; *Reed* v. *Watson* (1867), 27 Ind. 443; *Willett* v. *Porter* (1873), 42 Ind. 250; *Bowman* v. *Phillips* (1874), 47 Ind. 341; *Lange* v. *Dammier* (1889), 119 Ind. 567, 21 N. E. 749; *McDonald* v. *McDonald* (1895), 142 Ind. 55, 41 N. E. 336. The evidence in the case, however, shows that the codicil was attested by two witnesses only and that one of them was one of testator's children and a residuary devisee. If appellees' contention that this rendered the instrument void must be sustained, then, of course, the judgment must be affirmed on the evidence, otherwise appellants' claims of error must be considered.

Our code changed the common-law rule and made parties and persons interested in the subject-matter of the litigation competent witnesses except as therein otherwise provided. §519 Burns 1908, §496 R. S. 1881. An exception to this declaration of competency is found in §522 Burns 1908, §499 R. S. 1881, which reads as follows: "In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor." It has been

settled that an attesting witness is competent and satisfies the provisions of §3132, *supra*, if, at the time he signs, he is competent to testify in court to the facts which he attests. *Belledin* v. *Gooley* (1901), 157 Ind. 49, 60 N. E. 706; *Hiatt* v. *McColley* (1908), 171 Ind. 91, 85 N. E. 772; *Wisehart* v. *Applegate* (1909), 172 Ind. 313, 88 N. E. 501; 1 Henry, Probate Law (3d ed.) §475. It has been uniformly held that the exception to the competency of parties and persons interested which is made by §522, *supra*, applies to proceedings to contest wills and renders them incompetent to testify concerning matters involved in the execution of the will, while leaving them free to testify to matters open to the observation of others such as the mental testamentary capacity of the testator. *Lamb* v. *Lamb* (1885), 105 Ind. 456, 5 N. E. 171; *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990; *Burkhart* v. *Gladish* (1889), 123 Ind. 337, 24 N. E. 118; *Wallis* v. *Luhring* (1892), 134 Ind. 447, 34 N. E. 231; *McDonald* v. *McDonald, supra; Belledin* v. *Gooley, supra; Hiatt* v. *McColley, supra*. It follows that a devisee under a will or codicil is not a competent attesting witness and the provisions of §3132, if standing alone as the unqualified law on the subject, would render a will or codicil signed by only one competent witness and a devisee wholly void. *Belledin* v. *Gooley, supra*.

Consideration is therefore shifted to the question of the effect of §3144, *supra*, in such case. The question as applied to facts identical with those here involved has not been decided in this State. It has been held that where a will was signed by but two attesting witnesses, one of whom was the wife of the sole beneficiary and rendered incompetent by §525 Burns 1908, §501 R. S. 1881, which provides that when a husband or wife is a party, and not a competent witness, the other shall also be excluded,—such will was wholly void. *Belledin* v. *Gooley, supra*. In *Hiatt* v. *McColley, supra*, it was held, in a contest of a will before probate, that one named therein as

executor and not otherwise a beneficiary was a competent attesting witness. In *Wisehart* v. *Applegate, supra,* which was an action to contest after probate, a will which named ten beneficiaries, the will was attested by three witnesses; one of them disinterested and admittedly competent, one not otherwise interested save that he was named in the will as executor of it, and one who was the husband of a named beneficiary. It was held that the witness named as executor, being competent at the time he attested the will, his subsequent qualification as executor, if conceded to render him thereafter incompetent as a witness, would not affect the validity of the will, as the incompetency of the witness to have such an effect would have to exist at the time of the attestation. The will, as thus appeared, having been attested by two competent witnesses, the court declined to determine the effect of an attestation by a devisee or consort where there were plural beneficiaries.

An English statute for the prevention of frauds and perjuries enacted in the 29th regnal year of Charles II contained a provision similar in effect to our §3132, *supra.* This was that "all devises and bequests of any lands or tenements * * * shall be in writing, and signed by the party so devising the same, or by some other person in his presence and by his express directions, and shall be attested and subscribed in the presence of the said devisor by three or four credible witnesses, or else they shall be utterly void and of none effect." Statutes at Large, 29 Car. II, C. 3, §5, 1661-85, p. 406. The word "credible" as used in that provision was uniformly taken to be synonymous with "competent." As the rules of the common law excluded parties and persons having an interest in the subject-matter and were regarded as applying to witnesses attesting a will, many wills attested by a devisee were refused probate and much confusion resulted in judicial efforts to soften the rigor of the law. Schouler, Wills (3d ed.) §§350, 351; 1 Underhill, Wills §192; 1 Jarman, Wills (6th ed.) 95; note

to *Bruce* v. *Shuler* (1908), (Va.) 35 L. R. A. (N. S.) 686;
*Hiatt* v. *McColley, supra,* and cases cited. To mend this
condition the statute, 25 Geo. II, C. 6, was enacted. This
statute recited the provision in 29 Car. II, above set out,
and that "doubts have arisen who are to be deemed legal
witnesses within the intent of said act." "Therefore," it
was stated, "for avoiding the same," it was enacted "that
if any person shall attest the execution of any will or
codicil  *   *   *   to whom any beneficial devise shall be
thereby given or made, such devise  *   *   *   shall, so far
only as concerns such person attesting the execution of such
will or codicil or any person claiming under him, be utterly
null and void; and such person shall be admitted as a wit-
ness to the execution of such will or codicil within the
intent of the said act, notwithstanding such devise."
Statutes at Large, 25 Geo. II, C. 7, 1750-52, p. 323. In
most of our states there has been similar legislation and
it has been generally considered that the effect of it was to
make the interested witness competent and save the will as
to all its provisions except that which benefited the attest-
ing witness, which alone was rendered void. Schouler, Wills
(3d ed.) §§23, 357, 358; Page, Wills §196; 1 Underhill,
Wills §193; 40 Cyc. 1111, (3) n. 61; 1 Stimson, Am. Stat.
Law §§2650, 2651; Note to *Stevens* v. *Leonard* (1900), 77
Am. St. (Ind.) 446, 459; *Bruce* v. *Shuler* (1908), 108 Va.
670, 62 S. E. 973, 35 L. A. R. (N. S.) 696, and cases there
collected in note; *Swanzy* v. *Kolb* (1908), 94 Miss. 10, 46
South. 549, 136 Am. St. 568, 18 Ann. Cas. 1089; *Harp* v.
*Parr* (1897), 168 Ill. 459, 48 N. E. 113. Of such a char-
acter, the provisions of §3144, *supra,* must be regarded.
Appellees' contention, that the purpose of the section must
be regarded merely as a provision for probating a will which
has been attested by two competent witnesses and also by
a devisee, where the competent witnesses have died or become
mentally incapable of testifying, or, are otherwise not avail-
able, is without support when considered in connection with

the language of the section in question and other provisions of the statute relating to the probate of wills. It is to be noted that the language of the section is not merely, if "such will can not be proven without his testimony," but also without "proof of his signature thereto as a witness, such will shall be void only as to him and persons claiming under him." The testimony of one competent witness alone is sufficient under the statute to prove the will and admit it to probate; and where the witnesses are dead, out of the State, or have become incompetent from any cause, its execution may be proven by other witnesses who are acquainted with the handwriting of the testator and subscribing witnesses. §§3141, 3143 Burns 1908, §§2584, 2585 R. S. 1881; *Morell* v. *Morell* (1901), 157 Ind. 179, 60 N. E. 1092. In view of this rule there seems very little room for the construction of §3144, *supra,* contended for by appellees. Moreover, by the terms of the section, the will is to be rendered void only as to the subscribing witness who is interested, if the will cannot be proven without "proof of his signature as a witness." A will is valid and

6. admissible to probate, if otherwise valid, if it be attested by two competent witnesses and proof be made of such attestation. The attestation by a third witness who was not competent, being unrequired by law, it would not be necessary to prove; proof of the attestation by the two competent witnesses being sufficient. *Wisehart* v. *Applegate, supra.* But where there are but two attesting witnesses, proof must be made that both formally

5. signed the will and hence "such will cannot be proven without proof of his signature thereto." In the case of *Bruce* v. *Shuler, supra,* one of the two attesting witnesses was a devisee. The statutes of Virginia contain two sections relating to wills which are, while slightly different in wording, to the same legal effect as §§3132, 3144, *supra,* of our will statute. In construing the provisions the court in conclusion said: "In our judgment the true view of the

statute is, that the words, 'if the will may not be otherwise proved,' have reference to a case where the devisee or legatee is needed as an attesting witness to make up the number required by law, in which he is made a competent attesting witness by the avoidance of his interest, and he may also be called to testify at the probate of the will. And, conversely, a will may be otherwise proved when there is an extra or superfluous attesting witness, beyond the number required by the statute." We are led to conclude, harmoniously with the general commentatorial and judicial expression on the subject, that where a will which names plural beneficiaries, is signed by one of them as an attesting witness, one of the two required by law, the entire will is not thereby rendered void but its provisions for other beneficiaries are saved by §3144, *supra,* which, as to such provisions, makes the interested witness a competent one.

To the claim of appellants that there is a total failure of evidence sufficient to establish either testamentary incapacity or undue influence existing at the time of the execution of the codicil, appellees make no defense on the merits by any propositions, points or authorities. They merely rest their support of the judgment of the trial court under the assault upon it in this particular on the claim that appellants' brief does not exhibit the alleged error as required by clause 5 of Rule 22. It is sufficient to say that the brief is not defective in the particulars claimed. The brief for appellees does not supplement the statement of the evidence made in appellants' brief and it must be taken to be accurate and upon it the question raised must be determined. Rule 22, clause 5. If the evidence so exhibited presents any conflict, either on the issue of testamentary capacity or undue influence, this court is, of course, precluded from sustaining the claim of appellants. The fact that there is no assault on the will and that it is conceded to be a valid instrument, the product of an uninfluenced mind of

unquestioned testamentary power, is not without effect in the consideration of the questions raised as to the validity of the codicil. The intent of the testator, as it is plainly exhibited by the terms of the will, was, after making minor bequests, to divide his estate among his children on a basis of exact equality. The codicil shows the same purpose, and the will was not otherwise changed save as it was affected by the changes which the intervening time had made in the conditions. Hence there is nothing inhering in the provisions of the codicil which lends any support whatever to the charge that its execution was procured by undue influence or that the testator was, at the time of its execution, lacking in testamentary capacity, for under the undisputed facts its provisions were neither unreasonable nor unnatural. We are to look, then, to the evidence other than that furnished by the provisions of the codicil to determine whether the verdict was sustained by any evidence legally justifying it.

It is not every lack of, or deviation from, normal mental soundness that will overthrow a formally executed testamentary instrument. Old age with its natural impairment of physical and mental powers does not, of itself, render one mentally unqualified to make a will under the law, even if accompanied with delusions or monomania, unless it appears that these in some manner entered into or affected the execution of the will. *Addington v. Wilson* (1854), 5 Ind. 137, 61 Am. Dec. 81; *Wray v. Wray* (1869), 32 Ind. 126, 134; *Bundy v. McKnight* (1874), 48 Ind. 502, 514; *Lowder v. Lowder* (1877), 58 Ind. 538; *Burkhart v. Gladish, supra; Rarick v. Ulmer* (1895), 144 Ind. 25, 32, 42 N. E. 1099; *Blough v. Parry* (1895), 144 Ind. 463, 40 N. E. 70, 43 N. E. 560; *Teegarden v. Lewis* (1895), 145 Ind. 98, 102, 40 N. E. 1047, 44 N. E. 9; *Young v. Miller* (1896), 145 Ind. 652, 44 N. E. 757; *Wait v. Westfall* (1903), 161 Ind. 648, 68 N. E. 271; *Harbison v. Boyd* (1911), 177 Ind. 267, 96 N. E. 587; *Pence v. Myers* (1913), 180 Ind.

282, 101 N. E. 716; Page, Wills §§97, 102; 40 Cyc. 1004, 1008, and cases there cited; 1 Henry, Probate Law (3d ed.) §§468, 529.

The firmly established rule is that the phrase "of unsound mind," as used in our statute of wills, means a person of a degree of unsoundness of mind which does not measure up to the standard of testamentary competency generally recognized by law. *Blough* v. *Parry, supra,* and cases there cited; *Young* v. *Miller, supra.* It appears from the authorities above cited, and many which might be added, that this standard which measures mental testamentary competency is satisfied when it is made to appear that, at the time of the making of the will or codicil, the testator was in possession of sufficient strength of mind and memory to enable him to know the extent and value of his property, the number and names of those who were the natural objects of his bounty, their deserts with reference to their conduct toward and treatment of him, and to carry these things in mind long enough to have his will prepared and executed.

Now in the case before us, there is no evidence whatever that the mind of the testator was in any way affected by any alien delusion or monomania. Indeed, there is no claim that there is such evidence. The facts shown by the evidence prove without conflict that any impairment of the testator's mental faculties, which existed when the codicil was executed, was identical in kind, if slightly greater in degree, with that when the will, admittedly valid, was made. Facts proven show that, physically and mentally, the testator was at least as normal and sound when the codicil was made as the average man of his age, and the evidence shows none to the contrary. We find in the evidence many facts testified to by numerous witnesses which were ample to establish testamentary competency within the rule above stated, and none which, with the deductions most favorable to appellees' contentions would

be permissible could establish the contrary. Several witnesses, however, after testifying to their acquaintance with the testator for varying periods of time and detailing facts upon which their opinions were based, gave in evidence their opinions that he had been for the last three or four years of his life of unsound mind. But the opinions of these witnesses do not modify the force of the facts above referred to. The facts which they gave, upon which their opinions were based, were in harmony with those testified to by all the other witnesses, in that they showed the mental weakness of the testator was merely that which his advanced years had brought. And it is manifest, taking their whole testimony together, that their opinions meant no more than this. Most of the comparatively few witnesses who gave such opinions had, during the time covered by their opinions, business relations with the testator, in such matters as borrowing money from him, procuring him to become surety on notes and bonds, settling a partnership transaction with him, taking a note from him for the purchase price of stock sold to him and other like matters. As illustrating the unsubstantial character of these opinions, one of these witnesses qualified his opinion by saying that he did not mean that the testator was "crazy, but like any old person;" another one that he meant that he "was not as he was a couple of years before;" another, that "he thought he was weak in mind." This, as we have seen, is not that mental unsoundness which precludes the making of a valid will. As said in *Pence* v. *Myers, supra:* "It is necessary, * * * to go further and prove that testator's mental unsoundness affected his testamentary capacity" according to the standard fixed by the law. No evidence in the case before us does this.

Undue influence, in order to make a will void, must be directly connected with its execution and must operate 14. at the time it is made. It must be an influence of such compelling force that the apparent testator is

but the instrument by which the mastering desire of another is expressed, so that the supposed will, or the particular part in question, is not the will of the testator except in the sense that he has consented to put his name to it in the form in which it appears. There is an entire absence of evidence before us to show that when the testator executed the codicil in question he was under any coercive influence that is undue under the statute and our decided cases. *Rabb* v. *Graham* (1873), 43 Ind. 1; *Bundy* v. *McKnight, supra; Vance* v. *Vance* (1881), 74 Ind. 370; *Goodbar* v. *Lidikey* (1893), 136 Ind. 1, 35 N. E. 671, 43 Am. St. 296; *Slayback* v. *Witt* (1898), 151 Ind. 376, 391, 50 N. E. 389; *Whiteman* v. *Whiteman* (1899), 152 Ind. 263, 277, 53 N. E. 225; *Stevens* v. *Leonard* (1900), 154 Ind. 67, 72, 56 N. E. 27, 77 Am. St. 446; *Ditton* v. *Hart* (1911), 175 Ind. 585, 95 N. E. 119; 2 Henry, Probate Law (3d ed.) §528.

The judgment is reversed with instructions to grant appellants' motion for a new trial.

NOTE.—Reported in 104 N. E. 500. See, also, under (1) 31 Cyc. 358; (2) 40 Cyc. 1268, 1271; (3, 5) 40 Cyc. 1111; (4) 40 Cyc. 1109; (6) 40 Cyc. 1108, 1109; (7) 2 Cyc. 1013, 1014; (8) 40 Cyc. 1358; (11, 12) 40 Cyc. 1004; (13) 40 Cyc. 1023; (14) 40 Cyc. 1144. As to attestation and witnessing of wills, see 10 Am. Dec. 516; 114 Am. St. 209. As to the competency of persons subscribing as witnesses to wills, see 77 Am. St. 459. As to testamentary capacity and insane delusions, see 8 Am. Rep. 184; 41 Am. Rep. 686. For authorities on the general question what constitutes testamentary capacity or incapacity, see 27 L. R. A. (N. S.) 2.