PFAFFENBERGER ET AL. *v.* PFAFFENBERGER.

[No. 23,566.   Filed June 15, 1920.   Rehearing denied October 13, 1920.]

1.  WILLS.—*Execution.—Revocation.—Codicils.*—The statutes relative to wills, by virtue of §3169 Burns 1914, §2611 R. S. 1881. require the same formality and the same competency of attesting witnesses in the execution of a codicil or a revocation as is required in the execution of a will. p. 511.
2.  WILLS.—*Execution.—Requirements.*—The right to make a will is statutory, and to be valid a will must conform to the statutory formalities and requirements. p. 511.
3.  WILLS.—*Attestation.—Competency of Witnesses.—Beneficiaries.* —Since attestation of a will contemplates subsequent testimony of the facts which the witness attested, §522 Burns 1914. §499 R. S. 1881, when construed with §§3115, 3132 Burns 1914, §§2559, 2576 R. S. 1881, makes an interested beneficiary incompetent to attest a will, codicil, or revocation as to any matters which occurred during the lifetime of the ancestor, and §525 Burns 1914, §501 R. S. 1881, makes the wife of such beneficiary likewise. incompetent, the word "ancestor" as used in §522 having its broad and legal meaning and includes testator and testatrix. pp. 512, 513.
4.  WILLS.—*Attestation.—Beneficiary as Witness.—Effect as to Other Beneficiaries.*—Under §3144 Burns 1914, §2586 R. S. 1881, the beneficiaries who did not attest a will may compel an interested attesting witness to prove the will that it may not fail as to them, but, though such interested witness is competent as to them, such fact does not remove the incompetency placed on him by §§522, 3115, 3132 Burns 1914, §§499, 2559, 2576 R. S. 1881. p. 514.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by Jennie B. Pfaffenberger against Wilbur F. Pfaffenberger and others.   From a judgment for the plaintiff, the defendants appeal.   *Affirmed.*

*Oren S. Hack, Montgomery & Montgomery* and *Meiks & Hack,* for appellants.

*Edgar E. Hite, John F. Goddard* and *Frank Smith,* for appellee.

WILLOUGHBY, J.—This was an action by the appellee to contest a pretended will purported to have been executed by her sister, M. Josephine Moore, deceased, under the name and style of Joe Moore, on May 30, 1913, and to revoke and set aside the probate thereof. The suit was originally commenced in the Marion Probate Court and was transferred on a change of venue to the Shelby Circuit Court, where trial was had resulting in a judgment in favor of appellee, from which judgment appellant appeals. The case was tried upon an agreed statement of facts, which is as follows:

> "M. Josephine Moore was a resident of Marion county, Indiana, and died at said county on the 1st day of September, 1916, the owner of real and personal property situated in said county; that at the time of her death she was a widow, and left surviving no father or mother, or child or descendant, but left surviving as her only heirs at law, plaintiff, Jennie Pfaffenberger, her sister, and defendant, Wilbur F. Pfaffenberger, her half-brother. That her husband, Vernon Moore, died on the 19th day of October, 1900.
>
> "That on the 9th day of November, 1907, said M. Josephine Moore executed an instrument in writing as her last will and testament, devising and bequeathing to plaintiff, all her real and personal property, saving to her husband, should he survive her, his statutory rights in her estate, and no other person was made a beneficiary under said instrument; that on the —— day of Sep-

tember, 1916, said instrument was duly admitted to probate and record, as the last will and testament of said M. Josephine Moore, by the probate court of said Marion county, and the probate thereof has not been revoked or annulled and is now in full force and effect. That in pursuance of said will, plaintiff entered into possession of all of the real and personal property of said decedent, and is still in possession of the same.

"That on the 30th day of May, 1913, said M. Josephine Moore, by the style of 'Joe Moore,' signed an instrument in writing in the words and figures following, to wit:

" 'Seymour, Ind., May 30, 1913.

" 'Having been so sick during the night here at my brother's, so much so that Miss Ruth Locke was afraid to stay with me, although I feel very well now, I feel that my affairs might terminate seriously, and therefore wish to state that my brother Wilbur F., who has been so exceedingly kind during all my life, is to have an equal share in all my property. Any other statement to the contrary is hereby annulled. I wish Edith and my brother Wilbur to look after the graves at the cemetery. I make this statement because at a former time I entered into an agreement with others that might complicate affairs after my death more than I now desire.

Joe Moore.'

W. F. Pfaffenberger.
Edith M. Pfaffenberger.'

"That afterwards, to wit: on the 21st day of June, 1917, said instrument in writing was duly admitted to probate and record by the Probate

court of said county of Marion, as the last will and testament of said M. Josephine Moore, deceased. That the signature of said instrument of writing was witnessed and attested by W. F. Pfaffenberger and Edith M. Pfaffenberger and no other person; and that said W. F. Pfaffenberger, who signed said instrument as a witness, and Wilbur F., named in said writing, are one and the same person and said Edith M. Pfaffenberger, whose name appears as the other attesting witness, was at the time of the signing of said instrument the wife of said W. F. Pfaffenberger, said attesting witness and named in said instrument.

"That after the probate of said instrument defendant, Earl Raymond Cox, was, by said probate court of Marion county, appointed as administrator with the will annexed of the estate of said decedent, who accepted said appointment, duly qualified and is still acting as such administrator."

Appellants have assigned and rely upon the following errors for a reversal of the judgment. (1) The court erred in overruling appellants' joint and several demurrer to the third specification of contest in the amended complaint. (2) The court erred in overruling appellants' joint and several motion for a new trial.

The errors thus assigned question the competency of the appellant Pfaffenberger and his wife as attesting witnesses to the will being contested, and may be considered together.

The question presented is: Was the appellant Pfaffenberger, at the time of subscribing and attesting the will of May 30, 1913, a competent witness for such pur-

pose? If he was a competent witness, this judgment should be reversed; if not competent, it should be affirmed.

Section 3132 Burns 1914, §2576 R. S. 1881, provides: "No will except a nuncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses; and if the witnesses are competent at the time of attesting, their subsequent incompetency shall not prevent the probate thereof."

Section 3115 Burns 1914, §2559 R. S. 1881, provides: "No will in writing, nor any part thereof, except as in this act provided, shall be revoked, unless the testator, or some other person in his presence and by his direction, with intent to revoke, shall destroy or mutilate the same; or such testator shall execute other writing for that purpose, signed, subscribed and attested as required in the preceding section."

Section 3169 Burns 1914, §2611 R. S. 1881, provides: "The term 'will,' as used in this act, shall be construed to include all wills, testaments, codicils, and supplemental wills."

It will be seen that the statutes require the same formality of execution and the same competency of attesting witnesses in the execution of a will, a codicil, or the revocation of a will. The right to make a will is statutory, and every will, to be valid, must conform to the formalities and the requirements of the statutes concerning wills. If the will of May 30, 1913, is construed as a revocation of the will of November 9, 1907, its execution, should be attended with the same formalities as the execution of all wills. It should be signed

by testatrix, or by some one in her presence with her consent, and attested and subscribed by two or more competent witnesses. An attesting witness, under the statute, is competent when he can testify in a proceeding in a court to probate the instrument he 3. attests, as attestation contemplates subsequent testimony of the facts which the witness attested. In Illinois, under a statute substantially the same as ours, it was held that whether a witness is a competent attesting witness depends upon whether the witness will gain or lose financially as a direct result of establishing the will. *Scott* v. *Couch* (1916), 271 Ill. 395, 111 N. E. 272, L. R. A. 1916D 179; 1 Greenleaf, Evidence (15th ed.) §386. See, also, *Hiatt* v. *McColley* (1908), 171 Ind. 91, 85 N. E. 772; *Wiley* v. *Gordon* (1914), 181 Ind. 252, 104 N. E. 500.

The appellant Pfaffenberger was a party to the proceedings to probate the will of May 30, 1913. He was a proponent of the will. The revocation of the will of November 9, 1907, would give him an equal interest with the appellee. He had the will probated, as a person interested in its probate, by the probate court of Marion county nine months after the will of November 9, 1907, was probated by the same court, under §3135 Burns 1914, §2579 R. S. 1881. By the statement of facts it is seen that at the time of the execution of the alleged will of May 30, 1913, the testatrix had prior to that time, on November 9, 1907, executed a will which precluded the appellant Pfaffenberger from taking any part of her estate. It does not matter whether we consider the paper executed on May 30, 1913, a codicil or a revocation of the will of November 9, 1907. In either event appellant acquired a beneficial interest in the estate of testatrix.

If it is considered a codicil, he received under it one-half of said estate. If it is considered as a revocation of the former will, he would then take as an heir of his half-sister one-half of her estate. The effect of either construction was to give to the attesting witness half of the estate of testatrix.

Section 522 Burns 1914, §499 R. S. 1881, when construed with §3132, 3115 Burns 1914, *supra,* makes an interested heir incompetent to attest wills, codicils and revocations as to any matters which occurred during the lifetime of the ancestor, and the word "ancestor," as used in §522, *supra,* has its broad and legal meaning and includes testator and testatrix. If the will of May 30, 1913, is construed as a codicil to the will of November 9, 1907, it must be established as a valid codicil to such will before it becomes a part thereof; it must be attested and subscribed by two competent witnesses.

The statement of facts shows that the only legatee and devisee under the will of May 30, 1913, was appellant Pfaffenberger, who with his wife, Edith, attested its execution, and subscribed their names thereto as witnesses, being the two witnesses required by statute. The said appellant, as a legatee, devisee and person having fixed certain and immediate interest therein was disqualified under §522 Burns 1914, *supra,* and his wife, Edith, was, under §525 Burns 1914, §501 R. S. 1881, also incompetent, and said will as a codicil was not attested by two competent witnesses within the meaning of §3132 Burns 1914, *supra.*

It will be observed that the statute requires two competent witnesses to a will, and in this case there were two witnesses who signed it. They were appellant W. F. Pfaffenberger and his wife, Edith. So, if

either one of them was not competent to attest said
will, then the will is not attested according to the
statute, and is invalid.

In the present case the two attesting witnesses were
husband and wife. The husband being the only per-
son interested, it cannot possibly affect the right of
any other person. Therefore, §3144 Burns 1914, §2586
R. S. 1881, does not apply, and does not save to him
the interest which he would have taken had the testa-
trix died intestate, where there are plural bene-
ficiaries.

Under §3144 Burns 1914, *supra,* the beneficiaries
who did not attest the will in question may compel
the interested attesting witness to prove the
4.    will that it may not fail as to them, and for
this purpose the interested witness is compe-
tent as to them, but it does not remove the incompe-
tency placed on him by §§522, 3132 and 3115 Burns,
*supra.* That incompetency remains, and the will as
to him is void. The accepted rule in this jurisdiction
is that no attesting witness to a will is competent to
attest a testamentary instrument who is given an
interest in or by the instrument he attested. The
will of May 30, 1913, gave to appellant Pfaffenberger
such interest. As an interested witness under the
decisions in this jurisdiction he became competent to
the extent of sustaining bequests and devises to
others, but not to himself. In the present case no
other persons are interested or benefited by the will
of May 30, 1913, other than the appellant Pfaffen-
berger. As to himself he is incompetent to attest the
will. It was attested by no other witnesses than
appellant and his wife, and was therefore not legally
executed under §3154 Burns 1914, §2596 R. S. 1881.

If appellant's wife had been a competent witness, the instrument would still be invalid because not attested by two witnesses as the statute requires, but she was incompetent. Section 525 Burns 1914, *supra; Belledin* v. *Gooley* (1901), 157 Ind. 49, 60 N. E. 706.

It follows from what we have said that the court did not err in overruling appellants' demurrer to the third specification of the amended complaint, nor in overruling the motion for a new trial.

Judgment affirmed.