FLORENCE E. FLAGLE AND FLORENCE E. FLAGLE AS THE ADMINISTRATRIX OF THE ESTATE OF QUINTIN C. NELSON, DECEASED *v.* JOSEPHINE MARTINELLI, ROBERT BARRETT MILLER, JOHN F. MILLER AND THE FIRST BANK & TRUST COMPANY OF SOUTH BEND.

[No. 3-476A86. Filed April 4, 1977.]

*Philip E. Byron, Jr., Robert T. Sanders, III, Byron & Daniels,* of Elkhart, for appellants.

*Gordon G. MacKenzie,* of Elkhart, for appellees Martinelli and Miller, *John R. Harman, Samuel S. Thompson, Thorn-*

*burg, McGill, Deahl, Harman, Carey & Murray,* of Elkhart, for appellee First Bank & Trust Company.

HOFFMAN, J.—Florence E. Flagle by herself and in her capacity as administratrix appeals from a summary judgment entered against her on a motion filed by Josephine Martinelli, Robert Barrett Miller, John F. Miller and the First Bank and Trust Company of South Bend in an action contesting the will of the decedent Quintin C. Nelson. The question raised on appeal concerns whether the denial to probate of a purported 1970 will precluded from consideration as a material issue of fact its ability to revoke a 1958 will.

After the death of Quintin C. Nelson on October 19, 1972, her sister-in-law Florence E. Flagle presented an instrument dated August 30, 1970, intended to be the last will and testament of the decedent to the Elkhart Superior Court for probate. A hearing was held in which Flagle testified that she received a telephone call from the decedent to the effect that she was sending a document over *via* her husband Dr. Charles Nelson to be signed. Upon receiving the instrument Flagle signed her name below the previously subscribed signature of the decedent. She then passed the paper to Dr. Nelson who signed the document in a separate room.

The trial court, on consideration of this evidence, ruled that the purported will of 1970 was not entitled to probate. Thereafter upon the petition of Flagle, the trial court appointed her as administratrix of the estate of Quintin C. Nelson.

On August 20, 1974, a senior vice-president and trust officer of the First Bank and Trust Company of South Bend offered for probate another purported last will and testament executed in 1958 of the then Quintin Miller, being one and the same person as Quintin C. Nelson. Evidence adduced at a further hearing revealed that the existence of this instrument had been recently discovered upon the instigation of the decedent's sister. Additional testimony revealed that three per-

sons who were not beneficiaries watched the signing of the instrument and affixed their signatures as witnesses. Accordingly the trial court admitted the 1958 will to probate but letters testamentary were not issued because Flagle indicated that the instrument would be contested.

On February 18, 1975, appellant Flagle filed a complaint alleging that the 1958 will was revoked by the purported will of 1970. Appellees thereupon moved for summary judgment based upon the entire record before the court relating to the estate of Quintin C. Nelson. From the trial court's entry of judgment on this motion Flagle appeals.

Appellant first contends that substantial questions of fact were raised by her complaint regarding the revocation of the decedent's 1958 will which render the trial court's summary judgment error. She urges that Quintin Nelson's intent in making the purported 1970 will was to revoke her former will of 1958. Thus regardless of whether the purported will was admissible in probate it is argued that her intention should have been determined by a trier of fact.

Flagle attempts to draw support for this assertion from *Cope* v. *Lynch et al.* (1961), 132 Ind. App. 673, 176 N.E.2d 897 (transfer denied). However since the theory of revocation advanced by appellant relies on the execution of a later written instrument, a consideration of the decedent's intent as raised in *Cope* is not relevant to the issues of the case at bar. Instead, attention should be focused on the statutory scheme embodied in IC 1971, 29-1-5-6 (Burns Code Ed.), which states, in pertinent part:

> "Manner of revocation—Republication.—No will in writing, nor any part thereof, except as in this act provided, shall be revoked, unless the testator, or some other person in his presence and by his direction, with intent to revoke, shall destroy or mutilate the same; or such testator shall execute other writing for that purpose, signed, subscribed and attested as required in section 503 [29-1-5-3]."

The foregoing statutory procedure with its reference to IC 1971, 29-1-5-3 (Burns Code Ed.), indicates that an instrument purporting to revoke a will must be subscribed and witnessed in the same manner as a will. Thus decedent's state of mind concerning the revocation of a former will by a subsequent writing is determined solely by compliance with the statutory prescription. *Fletcher Trust Co.* v. *Morse* (1951), 230 Ind. 44, 101 N.E.2d 658.

In the case at bar the purported will of 1970 failed to comply with IC 1971, 29-1-5-3, *supra,* and was denied probate. Therefore it could not operate as a revocation of the 1958 will as a matter of law. Moreover since no question exists concerning the fact that the second intended will of Quintin Nelson was inadmissible to probate, pleadings herein attempting to raise questions of fact concerning the decedent's intent are not material. Accordingly they are properly subject to summary judgment. Indiana Rules of Procedure, Trial Rule 56. *See, Brandon* v. *State* (1976), 264 Ind. 177, 340 N.E.2d 756; *Letson* v. *Lowmaster* (1976), 168 Ind. App. 159, 341 N.E.2d 785.

Flagle next contends that the technical inadequacies of the purported will of 1970 should be disregarded since it was in sufficient compliance with the statute to affect revocation of the decedent's 1958 will. Appellant seeks support for this proposition from Langbein, *Substantial Compliance With the Wills Act,* 88 Harv. L.Rev. 489 (1975), which states:

> "The finding of a formal defect should lead not to automatic invalidity, but to a further inquiry; does the noncomplying document express the decedent's testamentary intent, and does its form sufficiently approximate Wills Act formality to enable the court to conclude that it serves the purposes of the Wills Act?"

Indiana does not ignore the logic of the foregoing procedure. To be sure there are cases which have upheld wills despite irregularities in their form. *See, Herbert* v. *Berrier, et al.* (1881), 81 Ind. 1; *Bundy* v. *McKnight, Ex'r., et al.*

(1874), 48 Ind. 502; *Thrift Trust Co., Admr.* v. *White* (1929), 90 Ind. App. 116, 167 N.E. 141.

However the decedent's purported will of 1970 does not approach even substantial compliance. The signatories were out of each other's presence when they signed the document and the witnesses failed to observe the attestation of the decedent. Moreover, one of the witnesses as a primary legatee would have been incapacitated under IC 1971, 29-1-5-2 (Burns Code Ed.).

Understandably Flagle does not argue that these deviations from the requirements of IC 1971, 29-1-5-3, *supra,* are mere irregularities which can be ignored on the basis of substantial compliance. Instead appellant asserts that the purported will of 1970 so substantially complied with the statute as to be sufficient to affect revocation of the decedent's 1958 will. This assertion appears to formulate a difference without a distinction. Were appellant to prevail under her rationale of substantial compliance, she would succeed in imposing the anomalous result of destroying the decedent's will in favor of an intestate succession. This outcome is neither justified under the circumstances in the case at bar nor under the argument of substantial compliance. Indeed, under the theory of dependent relative revocation the presumption under the law of Indiana is that such a testator does not prefer intestacy. It is presumed instead that the intent to revoke is dependent upon the validity of a new will. *Roberts* v. *Fisher* (1952), 230 Ind. 667, 105 N.E.2d 595. It is for just such reasons that an attempt to revoke a will by a subsequent writing should be closely scrutinized for conformity with IC 1971, 29-1-5-2, *supra,* and IC 1971, 29-1-5-3, *supra. See, Pfaffenberger* v. *Pfaffenberger* (1920), 189 Ind. 507, 127 N.E. 766.

The trial court heard testimony concerning the execution of the purported 1970 will. It heard testimony under the same cause number concerning the execution of the 1958 will.

It was not only appropriate for the trial court to take judicial notice of its own denial to probate of the later instrument, it was required that it consider such denial among all of the pleadings and admissions on file together with the affidavits and testimony to discern whether there was a genuine issue as to any material fact. *Blankenbaker* v. *Great Central Life Ins. Co.* (1972), 151 Ind. App. 693, 281 N.E.2d 496 (transfer denied) ; Indiana Rules of Procedure, Trial Rule 56, *supra.* Having considered all of the proceedings In the Matter of the Estate of Quintin C. Nelson pursuant to Trial Rule 56, *supra,* the trial court correctly treated the alleged revocation of the former will as a matter of law suitable for rendering summary judgment in favor of the defendants. *See generally, Lukacs* v. *Kluessner* (1972), 154 Ind. App. 452, 290 N.E.2d 125.

The judgment of the trial court is affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 360 N.E.2d 1269.