**Burl A. KEENER, Individually, and Burl A. Keener, Executor of the Estate of Edward S. Archibald, Deceased, Appellant (Defendant Below),**

v.

**Ray ARCHIBALD and Chester Archibald, a/k/a Frankie Jarr, Appellees (Plaintiffs Below).**

No. 02A03–8805–CV–125.

Court of Appeals of Indiana, Third District.

Feb. 13, 1989.

George Martin, W. Michael Horton, Burt, Blee & Sutton, Fort Wayne, for appellant.

Joshua I. Tourkow, Tourkow, Crell, Rosenblatt & Johnston, Fort Wayne, for appellees.

HOFFMAN, Judge.

Appellant Burl A. Keener, executor of the Edward S. Archibald estate, appeals a grant of summary judgment. The facts indicate that after Ed Archibald died January 16, 1987, Phyllis Felton found four sheets of paper stapled together underneath his television set. The first page was a preprinted form will titled "Last Will and Testament"—"Unmarried Individual with Two or More Beneficiaries." The first page was signed by Ed Archibald, three witnesses and dated February 21, 1986. The second page was a preprinted form will affidavit signed by three witnesses and notarized February 21, 1986.

The last two pages of the document consisted of a devisee list with names and addresses in the left column, phone numbers in the middle column and dollar amounts in the right column. The last page is signed by Edward Archibald and notarized October 17, 1985.

The four pages were offered for probate. On July 1, 1987, Ed Archibald's brothers filed a complaint to contest the pages submitted for probate. On a cross motion for summary judgment, the trial court found that the last two pages of the document were not incorporated by reference into the form will and the will was improperly executed. The trial court ruled that the decedent shall be considered as having died intestate.

Appellant brings two issues on appeal:

(1) whether the trial court erred in granting summary judgment when the will contestors failed to show they were interested parties; and

(2) whether the trial court erred by ruling that the preprinted will form and list of devisees were not integrated.

Appellant argues that the will contestors failed to introduce evidence to establish they were interested parties. Any interested person may contest a will. IND.CODE § 29-1-7-17 (1982 Ed.). Interested person means an heir, devisee, spouse, creditor or other person having a property right in or a claim against the estate of the decedent. IND.CODE § 29-1-1-3 (1982 Ed.). The brothers of the decedent were heirs, which denotes persons entitled under the statutes of intestate succession to the decedent's property. The brothers were interested parties entitled to contest the pages submitted for probate.

Appellant next contends that the trial court erred in ruling that the preprinted form will and list of devisees were not integrated. Integration, as distinguished from incorporation by reference, occurs where there is no reference in the will to a distinctly extraneous document but it is clear that two or more separate writings are intended by the testator to be the will. 2A G. HENRY, PROBATE AND PRACTICE 895 (7th Ed.1979).

Appellant argues that the trial court should have integrated the form will and the devisee list. Appellant contends that the form will and the list of devisees were connected internally by the meaning of words and attached physically by staple.

**1270**

The form will has the words "equal shares" crossed out and leaves blank the line for an executor and the space for devisees. The last two pages name Burl Keener administrator and list devisees. Appellant claims that the decedent had the last two pages present when the form will was signed.

The trial court ruled that the four pages submitted to probate were improperly executed. The requirements for a properly executed will are stated at IND.CODE § 29-1-5-1 *et seq.* (1982 Ed.). The trial court correctly ruled that the last two pages were not properly incorporated into the preprinted form will pursuant to IND. CODE § 29-1-6-1(h) (1982 Ed.) which states:

> "If a testator in his will refers to a writing of any kind, such writing, whether thereafter amended or revoked, as it existed at the time of execution of the will, shall be given the same effect as if set forth at length in the will, if such writing is clearly identified in the will and is in existence both at the time of the execution of the will and at the testator's death."

 Indiana has not adopted the doctrine of integration by case law or statute. In Indiana, there is no such thing as a substantially correctly executed will. Either the will meets the legislative requirements or it is void. *Scampmorte v. Scampmorte, Admr., et al.* (1962), 133 Ind. App. 276, 281, 179 N.E.2d 302, 304. Since the last two pages were not incorporated, the preprinted form will devises nothing. The trial court correctly ruled that the decedent died intestate.

AFFIRMED.

STATON and SULLIVAN, JJ., concur.