## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 30 2018, 9:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Alexander P. Pinegar
Samuel R. Robinson
Sarah J. Randall
Jessica L. Billingsley
Church Church Hittle & Antrim
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Leslie B. Pollie
Travis W. Montgomery
Kopka Pinkus Dolin PC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elaine Davey,

*Appellant-Plaintiff,*

v.

Richard E. Boston,

*Appellee-Defendant*

May 30, 2018

Court of Appeals Case No. 89A01-1712-PL-2955

Appeal from the Wayne Superior Court

The Honorable David E. Northam, Special Judge

Trial Court Cause No. 89D01-1601-PL-3

**Baker, Judge.**

Bruce and Elaine Davey hired an attorney to help them create and execute mutual wills. The attorney intended to sign Bruce's will as one of two attesting witnesses, but failed to do so. As a result, after Bruce's death, his estate was administered as intestate and Elaine received half, rather than all, of the estate. She filed a claim against the attorney for legal malpractice. The attorney sought summary judgment, arguing that because Elaine did not attempt to probate Bruce's will, any causal chain was broken. The trial court agreed and granted summary judgment in favor of the attorney. We disagree, finding that any attempt to probate the will would have been fruitless. Therefore, we reverse and remand for further proceedings.

## Facts

In 2011, Bruce and Elaine engaged attorney Richard Boston to provide legal estate planning services, including the creation of mutual wills. On July 15, 2011, the Daveys met with Boston to review and sign the wills he had prepared. On Bruce's will (the Will), each page contained a signature line for Bruce as the testator and a signature line for each of two attesting witnesses. The attesting witnesses were to be Boston and Nina Boston. While Nina signed the Will as an attesting witness, Boston failed to do so on any part of the document.[1] The Daveys elected to keep the original Will rather than leave it with Boston. It is

---

[1] Boston stated in his deposition that he signed the original Will after it was photocopied by his assistant and that he also signed the photocopy for his own file. But the photocopy later found in Boston's file did not bear his signature. Moreover, Boston told both Elaine and her daughter that he would sign the original Will after Bruce's death, clearly implying that he knew he had not signed it before that time.

undisputed that Bruce intended to leave his entire estate to Elaine if she survived him.

[3]     Bruce died on March 29, 2014. Elaine attempted to find the original Will but was unsuccessful. Elaine and her daughter, Azure Davey, went to Boston's office and the receptionist provided them with a photocopy of the Will. It bore the signature of only one attesting witness. Boston later called both Elaine and Azure and offered to each of them to sign the original, if they found it, after the fact. He later said that he regretted making those statements, as signing the Will after the fact would not be "proper." Appellant's App. Vol. II p. 18.

[4]     After searching unsuccessfully for the original Will and, in any event, believing that it was invalid as it lacked a second witness signature, in August 2014, Azure filed a petition to open Bruce's estate and be appointed administrator. She stated in her petition that Bruce died intestate; Elaine consented to the petition. Azure and the Daveys' other child, Brigham Davey, acknowledged that Bruce intended to leave the entirety of his estate to Elaine, and would not have contested a probate proceeding. But because Bruce's estate was administered as intestate, half of it passed to Elaine and the other half passed to Azure and Brigham.

[5]     On January 25, 2016, Elaine sued Boston for legal malpractice. On November 15, 2016, Boston moved for summary judgment. Following briefing and a hearing, the trial court summarily granted summary judgment in favor of Boston.

[6] Elaine instituted an appeal of the summary judgment order, but on March 17, 2017, she found Bruce's original Will in her safety deposit lockbox at her bank. The Will bore only one witness's signature. She asked this Court for a temporary stay and remand to the trial court; this Court granted the request and dismissed the appeal without prejudice.[2] On May 18, 2017, Elaine filed with the trial court a motion to set aside and vacate the summary judgment order based on the newly-discovered evidence. Following briefing and a hearing, the trial court denied her motion. Elaine now appeals.

## Discussion and Decision

[7] Elaine argues that the trial court erred by granting summary judgment in favor of Boston and by denying her motion to set aside the judgment. Because we rule in her favor on the first issue, we need not consider the second.

[8] Our standard of review on summary judgment is well settled:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving

---

[2] This Court stated that after remand proceedings concluded, Elaine could file a new notice of appeal to raise issues that would have been raised in her first appeal, plus any new issues that might be created by the trial court's ruling on remand.

party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

[9] The underlying claim filed by Elaine against Boston is for legal malpractice. The elements of such a claim are (1) employment of an attorney creating a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (*i.e.*, breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the client. *E.g.*, *Clary v. Lite Machs. Corp.*, 850 N.E.2d 423, 430 (Ind. Ct. App. 2006). The only element at issue in this case is proximate cause, which "requires that there be a reasonable connection between the defendant's allegedly negligent conduct and the plaintiff's damages. Proximate cause requires, at a minimum, that the harm would not have occurred but for the defendant's conduct." *Gates v. Riley ex rel. Riley*, 723 N.E.2d 946, 950 (Ind. Ct. App. 2000) (internal citation omitted). Proximate cause is generally a question of fact that should be left to the factfinder. *E.g.*, *Mundia v. Drendall Law Office, P.C.*, 77 N.E.3d 846, 855 (Ind. Ct. App. 2017), *trans. denied*.

[10] According to Boston, any causal chain that may have linked his failure to sign the Will to Elaine's ultimate damages was broken when she decided not to attempt to probate the Will and, instead, to concede to the administration of Bruce's estate as intestate. We agree with Elaine, however, that any attempt to probate the Will would have been fruitless.

[11] The right to make a will is statutory, and every valid will "must conform to the formalities and the requirements of the statutes concerning wills." *Pfaffenberger v. Pfaffenberger*, 189 Ind. 507, 127 N.E. 766, 767 (1920). Therefore, "there is no such thing as a substantially correctly executed will. Either the will meets the legislative requirements or it is void." *Keener v. Archibald*, 533 N.E.2d 1268, 1270 (Ind. Ct. App. 1989). If the statutory requirements are not complied with, a court is powerless to act for a decedent, no matter how clearly his testamentary desires may be. *Hinton v. Bryant*, 99 Ind. App. 38, 190 N.E. 554, 577 (1934). Indeed, the Indiana Probate Code permits only validly executed wills to be admitted to probate. Ind. Code § 29-1-7-13(a) (providing that when a will is offered for probate, "if the court finds that the testator is dead and that the will *was executed in all respects according to law*, it shall be admitted to probate") (emphasis added).

[12] Relevant to this case is the requirement that a will must be executed by the signature of the testator and at least two attesting witnesses. I.C. § 29-1-5-3(a). The attesting witnesses and the testator must sign in each other's presence. I.C. § 29-1-5-3(b)(2); *see also* I.C. § 29-1-5-3(c) (noting that a will that is executed "substantially in compliance" with subsection (b) is not rendered invalid by the existence of *additional* signatures, but not including a provision regarding *omitted* signatures). It is undisputed that the Will does not comply with this strict

requirement—it bears the signature of only one attesting witness.[3]  Therefore, it is void and would not have been admitted to probate even if Elaine had attempted it.

[13]     Boston directs our attention to Indiana Code section 29-1-7-5(5), which provides a way for a petitioner to ask that a lost will be admitted to probate.  He argues that Elaine could have used this provision because she was unable to find the original Will until years later.  We agree with Elaine, however, that this provision assumes that the "lost will *was validly executed in the first place*[.]" Appellant's Br. p. 17 (emphasis original).  Here, while the original Will was, indeed, lost, it was also void—and Elaine knew that it was void, because she knew that Boston had failed to sign it.  In other words, there was never a valid will to lose.  Therefore, attempting to probate the Will as a lost will would have either required perpetrating a fraud on the court or have been fruitless, given that the Will was void.

[14]     Because any attempt by Elaine to probate the Will would have been fruitless, there are issues of fact remaining as to whether Boston's alleged negligence proximately caused Elaine's damages.  The trial court erred by granting summary judgment in favor of Boston.

---

[3] Boston states in his brief, without explanation or citation to the record, that the copy of the Will "contained all necessary signatures and would have been deemed valid[.]"  Appellee's Br. p. 13 n.2.  But nowhere in the record is there a copy of the Will that contains all necessary signatures.

We reverse and remand for further proceedings.

Kirsch, J., and Bradford, J., concur.